Charles H. Woods,

· vs.

W. W. Woods, et al.

Application of the familiar rule, that when a motion is addressed to the discretion of the district court, the exercise of such discretion will not be disturbed unless palpable abuse appears.

This is an appeal from an order opening and setting aside a judgment entered in the district court for Hennepin county, upon default, and granting defendants leave to answer. The order appealed from was necessarily made by the judge of an adjoining district. The points presented by the appeal are fully stated in the opinion of the court.

Shillock & Woods for Appellant.

Lochren & McNair for Respondents.

*By the Court*—Berry, J.—This is an appeal from an order opening the judgment entered in this case, and allowing the defendants to answer after the time limited by the statute. The application was by the terms of *Section* 105, *Ch* 66, *Gen. Stat.*, addressed to the discretion of the court below, and unless palpable abuse of such discretion is made to appear, its exercise will not be disturbed. We discover no such abuse in this instance. The time for answering expired Feb. 27th, judgment was entered March 21st, and the application for the order appealed from, which was in this case necessarily addressed to the judge of a district other

Woods v. Woods et al.

than that in which the action was pending, was made April
9th. It appears that the money, to recover which the ac-
tion was brought, had been deposited with the defendants
as the proceeds of sales of property assigned by one Seaton
to the plaintiff, by a common law assignment, in trust for
the benefit of said Seaton's creditors. It further appears
that before this action was commenced, the sheriff, claiming
that said assignment was void, had levied upon, or at-
tempted to levy upon, and had demanded the money
so deposited. It further appears that before the time for
answering had expired, the defendants had served upon the
plaintiff, notice of a motion to substitute the sheriff in their
place, or to compel the plaintiff and the sheriff to interplead,
which notice was accompanied by an offer to bring the
money into court, to be disposed of as the court might de-
termine. It further appears, that by stipulation of the at-
torneys for both parties, the motion for substitution or inter-
pleader was submitted for decision to the judge of the
second district, and that it had not been determined when
the order appealed from was applied for. Under these cir-
cumstances the defendants might very naturally expect that
the judgment, which was entered without notice to them,
would not be entered until the motion for substitution or
interpleader was disposed of, though certainly it would have
been better to have obtained a stay of proceedings. It fur-
ther appears, that *after the time for answering had expired*,
Seaton was adjudged a bankrupt in the United States Dis-
trict Court, and that under a warrant issued out of said
court, and as messenger thereof, the marshal, by his deputy,
made a demand upon the defendants for said money,
as the property of such bankrupt. These matters are all
set out in the affidavit upon which the application for the
order appealed from was based, as well as in the proposed

answer of the defendants. Whether, upon a hearing upon demurrer, they would be found to constitute a defense or not, we shall not stop to inquire. Certainly the answer is not frivolous; the questions raised by it are important, and present so much difficulty that they are not to be disposed of without argument and reflection, and when this is the case, we think that so far as an application for leave to answer depends upon the meritorious character of the defense proposed, the application should be granted, or at least the granting of such application, is not an abuse of discretion. On the whole, then, we are of opinion that there is nothing to show that the court abused its discretion, either because there was a lack of diligence on the part of the defendants, or because the defense was clearly without merit.

Appeal dismissed.