ALFRED WHARTON and another *vs.* WILLIAM L. ANDERSON.

### October 1, 1881.

**Agreement for Reduction of Rent—Consideration.**—A gratuitous parol promise by a lessor to accept for rent, from a lessee in possession of the leased premises under a lease for a term of years, a less sum than the lessee covenants by the lease to pay, cannot be enforced, and the lessor may, notwithstanding such promise, insist upon the payment of the amount so covenanted to be paid.

**Account Stated—Effect as Evidence.**—An account stated is only *prima facie* evidence of the correctness of the balance, and not conclusive upon it, unless, in arriving at the agreed balance, there has been some concession made upon items disputed between the parties, so that the balance is the result of a compromise, or some act has been done or forborne in consequence of the accounting, and relying upon it, which would put the party claiming the benefit of it in a worse position than as though it had not been had, so as to bring the case within the principles of an estoppel *in pais.*

**Same—Impeachment for Mistake, etc.**—A stated account, not affected
by such new consideration or estoppel, may be impeached for mistake or
error in law or in fact with respect to the items included in it, or for omis-
sion of items.

On April 1, 1874, the defendant entered into a written lease with
the plaintiffs, whereby he covenanted to pay rent for certain prem-
ises in the city of St. Paul, owned by plaintiffs, at the rate of $250
per month, for the term of five years from date.    In the fall of 1874,
at the request of defendant and on condition of prompt payment,
plaintiffs reduced the rent to $208.33 per month, and shortly after
made a further reduction to $150 per month on the same conditions.
Under this arrangement defendant paid rent to December 1, 1876,
taking receipts for $250 per month, though actually paying but
$208.33 and $150.   From December 1, 1876, the plaintiffs refused to
give receipts for the full amount of the rent, unless the full amount
was paid by defendant, claiming that he had failed to pay punctually.

This action was commenced in the district court for Ramsey
county, to recover the rent due and unpaid after December 1, 1876,
according to the original terms of the lease.   Defendant pleaded in
his answer an agreement entered into between plaintiffs and defend-
ant about May 1, 1876, which is recited in the opinion, and also an
account stated on July 2, 1878.   The action was tried by *Wilkin, J.*,
and a jury, who, under direction of the court, brought in a verdict
for plaintiffs.   Defendant appealed from the judgment entered on
the verdict.

*Allis & Allis* and *S. L. Pierce*, for appellant.

*C. K. Davis* and *E. R. Hollinshead*, for respondents.

CLARK, J.   A gratuitous parol promise by a lessor to accept for
rent, from a lessee in possession of the leased premises under a
lease for a term of years, a less sum than the lessee covenants by the
lease to pay, cannot be enforced, and the lessor may, notwithstand-
ing such promise, insist upon the payment of the amount so cove-
nanted to be paid.   This proposition rests upon the principle that a
valid contract must be supported by a consideration, and a contract
to modify the obligations imposed by a former binding contract be-

tween the parties, whether executed or executory, requires a consideration as well as any other contract. This principle disposes of all the questions necessary to be considered, excepting two.

1. It is claimed, in behalf of the defendant, that the agreement to reduce the rent from and after May 1, 1876, was not without consideration. The lease was for the term of five years from the first day of April, 1874, at a rental of $250 per month, which the defendant covenanted to pay on the fifteenth day of each month. The testimony for the plaintiffs shows that the lessee paid the rents for the first four months, when, upon his making complaint that the rent was too high, the plaintiffs agreed to reduce it, during their pleasure, to $208.33 per month, upon condition of prompt payment; and the rent was paid at that rate for about a year thereafter, when, upon the defendant's making further complaints, the plaintiffs agreed to further reduce it to $150 per month, during their pleasure, upon like conditions; and the plaintiffs accepted rents at those rates up to the first day of December, 1876, and gave the defendant receipts in full of the rents reserved by the lease up to that time, and the plaintiffs then notified the defendant that they should insist upon rents thereafter at the rate reserved by the lease. The action is to recover the same, less certain payments admitted to have been made on account thereof. This state of facts is not disputed by the defendant, except that he claims that on or about the first day of May, 1876, a new contract was made, whereby, in consideration of his permitting the light from one of the rear windows of the leased premises to be used and diverted for the benefit of another tenant of the plaintiffs, occupying the room beneath, the plaintiffs agreed that the reduction of the rent to $150 per month should be permanent, and continue through the residue of the term. The contract is claimed to have arisen and to be properly inferable from the conversations of the parties with reference to the making of this change, which are detailed in the evidence. But we are satisfied that these conversations, as testified to by the defendant and his witnesses, were too loose and indefinite to justify the inference of a contract to modify the covenants of the lease, and insufficient to sustain a verdict; and

that the court below properly refused to submit the testimony to the consideration of the jury.

2. The other question is involved in more difficulty. It appears from the testimony that Mr. Hatch, a clerk of the plaintiff Morton, gave to the defendant at his request, and without the knowledge or authority of the plaintiffs, a statement of their accounts up to the first day of July, 1878. This statement contained a charge against the defendant of $3,000 for 20 months' rent from November 1, 1876, to July 1, 1878, and also one further charge of $200 cash. The other side of the account contained 17 items of credits, of which 10 were for cash received of the defendant at various times and in different amounts, and seven were for goods furnished by the defendant to the plaintiffs and to other parties who had paid the bills therefor to the plaintiffs to be credited upon the rents. The account showed a balance of $416.98 in favor of the plaintiffs. The defendant testified that, upon receiving the statement from Mr. Hatch, he looked it over, receipted the bills for goods mentioned in it, and found that the charge for $200—which was for a loan, and had no connection with the rents—was erroneous, inasmuch as it had been subsequently paid; and that he immediately went to the plaintiff Morton, showed him the statement, and called his attention to the fact that the $200 had been paid, and that Mr. Morton at once conceded that it had been paid, and that the defendant was entitled to a further credit for such payment. The counsel for the defendant, upon this testimony, offered in evidence the statement, which was objected to on the ground that no contract had been shown whereby a less sum was substituted for the rents reserved by the lease, which objection was sustained, and the defendant excepted. The defendant also offered to show that, after the statement of accounts had been looked over, the defendant and Morton had a conversation in which it was agreed that the amount of indebtedness was $200, and that the defendant gave the plaintiffs a note for $300, upon which was endorsed by Mr. Wharton, as a part of the note, "interest is to be collected on $200 of this note at 12 per cent.," and that the indorsement was made in pursuance of a conversation that $200, being all that was due, was

all that interest should be paid upon. This offer was objected to, and the objection sustained on the same ground, and the defendant excepted.

A promissory note is not a satisfaction of the debt for which it was given, unless it is agreed so to be; and as there was no offer to show that the note was taken in satisfaction, or had been paid, the matter stands upon the effect of the evidence offered, in connection with that already introduced, as establishing an account stated. There is some confusion in the books as to the precise effect of a stated account upon the rights of the parties, but we are inclined to the opinion that it is only *prima-facie* evidence of the correctness of the balance, and not conclusive upon it, unless in arriving at the agreed balance there has been some concession made upon items disputed between the parties, so that the balance is the result of a compromise, or some act has been done or forborne in consequence of the accounting, and relying upon it, which would put the party claiming the benefit of it in a worse position than as though it had not been had, so as to bring the case within the principles of an estoppel *in pais.* A stated account, not affected by such new consideration or estoppel, may be impeached for mistake or error in law or in fact with respect to the items included in it, or for omission of items. These positions are sustained by weighty authority. *Perkins* v. *Hart,* 11 Wheat. 237; *Harden* v. *Gordon,* 2 Mason, 562; *Young* v. *Hill,* 67 N. Y. 162; *Thomas* v. *Hawks,* 8 Mees. & W. 140; *Wiggins* v. *Burkham,* 10 Wall, 129; *Lockwood* v. *Thorne,* 18 N. Y. 285; *Hutchison* v. *Market Bank of Troy,* 48 Barb. 302; *Ruffner* v. *Hewitt,* 7 W. Va. 585; 1 Story, Eq. Jur. § 524; 2 Chitty on Contracts, 962; *Warner* v. *Myrick,* 16 Minn. 91. The proof showed that, throwing this accounting out of view, the plaintiffs were entitled in law to recover rents at the rate of $250 per month, and the facts proved and offered to be proved in connection with the accounting show no concession on the part of the defendant in arriving at the balance which would furnish any consideration for the reduction of the rents to $150 per month, nor any change of circumstances by the defendant, in consequence of the accounting, which would estop the plaintiffs from denying its correctness. We think, therefore, the rulings of the court below were correct, and

that the jury were properly instructed to return a verdict for the plaintiffs.

The other exceptions taken by the defendant on the trial have received our attention, and we conclude that neither of them is well taken.

Judgment affirmed.