John C. Hanley *vs.* Daniel R. Noyes.

May 10, 1886.

Finding of fact *held* not sustained by the evidence.

**Account Stated—Settlement and Compromise.**—When two parties, by way of settlement and compromise, liquidate and state, at an agreed sum, an unliquidated and disputed claim which the one holds against the other, this constitutes a valid contract, whether the amount be paid or not. If not paid, the only remedy is upon this contract to recover the amount as thus liquidated.

Plaintiff brought this action in the municipal court of St. Paul, to recover the value of labor performed and materials furnished in the construction of a house for defendant. The answer sets up as a defence that the work performed and materials furnished were part of a large amount of work done and materials furnished by the plaintiff for the defendant, in the construction of said house, and that, after the completion of all the labor performed and materials furnished by the plaintiff, the value and amount thereof (the same being in dispute and unliquidated) were settled and liquidated by an agreement in writing. This agreement (being Exhibit F referred to in the opinion) was as follows:

"St. Paul, June 6, 1884.

"Received from D. R. Noyes, in payment (on account of agreement of $800) for all special work done for him, at his new house,—three hundred and fifty dollars as in full of all claims to date, save only fifty dollars, to be paid when all repairs are completed, as contemplated in the contract, etc.

"$350.                                    Jno. C. Hanley."

It appeared on the trial that at the time this agreement was made, the defendant had already paid the plaintiff $400, on account. The action was tried without a jury, by the court, who found that the plaintiff had performed labor and furnished materials, amounting to the sums of $54.83, and $33, and also that the settlement of June 6, 1884, did not include these items, and directed judgment for the plaintiff for the amount thereof. A new trial was refused, and defendant appeals from the judgment.

*Young & Lightner*, for appellant.

*McCafferty & Fitzpatrick*, for respondent.

MITCHELL, J. We are compelled to the conclusion that the finding of the court that the settlement between the parties did not include the items of $54.83 and $33 is contrary to the undisputed evidence. The instrument "F" executed by plaintiff on the settlement, whether considered a receipt or a contract, is, in any view of the case, *prima facie* evidence that every claim for "special" or extra work was included. Plaintiff offered no evidence in explanation of this settlement, and there is nothing to show that it was not just as the writing states—"of all special work done on defendant's house," and "in full of all claims to date."

Plaintiff, however, contends that the amount agreed on at this settlement not having been paid in full, it was a case of an unexecuted accord, or an accord without satisfaction, and therefore no bar to a suit on the original claim, just as if no settlement had ever been made. The facts are that plaintiff had an unliquidated and disputed claim against defendant for some $1,500 for alleged "extra" work on his house. The parties, by way of settlement and compromise, liquidated it at $800, which both agreed and assented to as the

amount due plaintiff from defendant. Of this amount defendant has paid $785. This was a case of an account stated, constituting a valid contract. There was a statement or liquidation of a disputed account by compromise, constituting an obligatory agreement between the parties. There was a promise by defendant, (to pay $800,) founded on a good consideration, (liquidating a disputed claim,) accepted and assented to by plaintiff, and hence constituting a valid contract, whether the amount was paid or not. Both parties were bound by it. If not performed, the plaintiff had a present legal remedy for its enforcement, and his only remedy is on this contract to recover the amount as thus liquidated, which, in the absence of fraud or mistake, is conclusive upon both parties as to the amount due. See *Babcock* v. *Hawkins*, 23 Vt. 561.

Judgment reversed, and new trial ordered.