CHURCHILL B. MOODY *vs.* JOSEPH E. THWING and others.

July 7, 1891.

**Findings—Evidence.**—Evidence *held* sufficient to sustain the findings of fact.

**Account Stated.**—Transaction *held* to constitute an account stated.

**Same—Pleadings—Evidence.**—An account stated being alleged in the complaint and merely denied in the answer, no facts to impeach it being alleged, evidence to impeach it is not admissible.

Action to enforce a mechanic's lien, brought in the district court for Hennepin county, and tried by *Hooker*, J., who ordered judgment for plaintiff against defendant Mary A. Thwing (wife of Joseph E.) for $260.07, and that the same be adjudged a lien, superior to a mort-

gage held by defendant the London & Northwest American Mortgage Company, on certain described lots, with the usual directions for sale, etc. The defendants appeal from an order refusing a new trial.

*Albert F. Foster*, for appellants.

*W. B. McIntyre*, for respondent.

GILFILLAN, C. J. The complaint alleges, in effect, a statement of the accounts between plaintiff and the defendants Thwing, whereby a certain amount was found due the plaintiff, $290, subject to have deducted from it, as we understand it, any bills not yet paid by the Thwings that might afterwards be presented to and paid by them, for work or material on the buildings. Except as to any such outstanding bills that they might have to pay, the accounts were stated. The answer denies this, but does not allege anything, as mistake or fraud, to surcharge or falsify the account. Upon that the issue was simply, was there a settlement and statement of the account as alleged in the complaint? The court below found there was, and we think the evidence justifies that finding. As the settlement was made by Joseph E. Thwing, the husband of Mary A., the owner of the buildings, his authority to make it had to be shown. It is true Joseph E. denies such authority, but in view of his relation to Mary A., and the fact testified to by plaintiff, and not denied by defendants, that he was the only one who had anything to do with the payment for the houses or looking over the accounts, the court might find he was her agent to transact the business. Both plaintiff and Joseph E. testify there was a settlement upon which plaintiff gave a receipt for $290 in full, and Joseph E. signed a writing in these words and figures:

"$290.                        "Minneapolis, Nov. 14th, 1888.

"Thirty days after date there is due C. B. Moody two hundred and ninety dollars, the same being in full for all work and demands on the houses on lots 2 and 3, block 9, Thwing's addition, which he has built under contract with Mary A. Thwing. C. B. Moody, in accepting this due-bill, agrees that in case any more bills come in on the said work, except against A. A. Lambert, which have not already been allowed, then I am empowered to take the amount out of the above two hundred and ninety dollars.          J. E. THWING."

It is impossible to understand this as anything other than a settlement of all claims and demands on either side growing out of the building contract, except such claims against plaintiff as might afterwards be presented to and paid by Mary A. It being an account stated, evidence on the part of defendants to show there was less due, was inadmissible, there being no facts pleaded by them to impeach it.

Order affirmed.