Welch & Harvey v. Dameron.

WELCH & HARVEY, Administrators of FRANCIS HARVEY, Deceased, Respondents, v. JAMES DAMERON, Appellant.

St. Louis Court of Appeals, December 8, 1891.

1. **Estoppel:** INCONSISTENT POSITIONS IN LITIGATION : RES ADJUDICATA. Two estates were administered upon by the same persons and were distributable in precisely the same way. Suit was brought upon a note against the maker thereof by the administrators of the one estate, and was defeated upon the ground that the note belonged to the other estate by virtue of a certain order of a probate court. Thereupon, the administrators, as administrators of the latter estate, sued the maker upon the note and recovered judgment. *Held* that, by reason of the position taken by him in

the first suit, the maker was debarred from claiming in the second suit ; that said order of the probate court was invalid and that the note, therefore, belonged to the estate whose executors had first brought suit ; also, that such defense was without substantial merit, since, under the circumstances, the judgment recovered would protect the maker from any further possible claim on the note.

2. **Bills and Notes :** DELIVERY. The delivery of a note is essential to its validity. But such delivery may be constructive, and it is sufficient if the maker, after executing the note, holds it for the payee and as her agent.

3. —— : —— : ADMINISTRATION. But, if the maker intends to deliver it to the payee and fails to do so, a delivery after the death of, and to the administrator of, the payee is sufficient.

4. **Practice, Appellate :** ENTRY OF JUDGMENT. Under the facts of this cause there could be no doubt as to the basis of the verdict of the jury, though the amount of the verdict was slightly excessive, owing to an apparent error in the method of calculation on the part of the jury. Under these circumstances this error was rectified by this court, which made a final judgment for the proper amount under the evident finding of the jury.

*Appeal from the Louisiana Court of Common Pleas.*
HON. G. B. MACFARLANE, Special Judge.

REVERSED AND REMANDED (*with directions*).

*E. Robinson* and *Clark & Dempsey*, for appellant.

*W. H. Morrow*, for respondents.

ROMBAUER, P. J.—The facts of this case are complicated, and the record on some points is obscure, but there is a concurrence of evidence establishing the following facts with reasonable certainty :

James Harvey died in the year 1860, leaving a will which, after making liberal provision for his widow, Malinda, endeavored to make equal distribution among his eleven children, charging them respectively with advances made to them. He appointed three of his oldest sons as executors of his will, but, by the terms of the will, left it in doubt whether the widow or the

executors were chargeable with the distribution of his assets within certain limits. The will was inartificially drawn, and it would seem that, by common consent of the children, the widow was left in charge of the estate without any interference on the part of the executors. The matter was still further complicated by the fact that a great part of the estate consisted of slaves, who ceased to be property shortly after the testator's death. The widow, Malinda Harvey, remained in possession of the estate until her decease, regarding herself, as would seem from all the evidence, as a trustee under her husband's will. She died intestate in 1878. During the interval between her husband's death and her own, she made advances to her children, presumably under the impression that, in so doing, she was acting in the interest of the estate, and carrying out her husband's wishes. In some cases she took the notes of the recipients payable to herself, in others she marked the amounts in a book. The distributees of her estate, and those of her husband, were the same parties, to-wit, their children and their descendants.

For a number of years prior to the decease of Malinda Harvey she made her home with the defendant, who was her son-in-law, and there is uncontradicted evidence tending to show that, at the date of her demise, she was indebted to him for board in a sum of at least $50. When she died, one of the present plaintiffs, then her administrator as well as the administrator of James Harvey's estate, called upon the defendant, and obtained from him or from his wife a package of papers, consisting mostly of notes, among which was a note which is the foundation of the present action. This note was executed by the defendant, bears date October 15, 1874, and is for the sum of $120, payable to the order of Malinda Harvey one year after date with ten-per-cent. interest, and the proviso that, if not paid at maturity, each annual interest was to become principal, and the interest was thus to be computed with annual rests.

The defendant himself at the time prepared a receipt which was signed by the administrator, and which recited this note as one of the papers belonging to Malinda Harvey, received by the administrator from the defendant. The note was inventoried as an asset of the estate of Malinda Harvey, but was subsequently and prior to the institution of this suit, upon request of her administrators, transferred from the estate of Malinda Harvey to that of James Harvey, the administrators of the two estates, as well as the distributees of the two estates, being the same persons.

Nothing was further done with this note until the fall of 1884. The administrators seemed to have been of opinion that it could be used as an asset to be distributed in kind upon final distribution, and did nothing towards its enforcement. In October, 1884, however, when the note was about to be barred by limitation, one of the plaintiff administrators called upon the defendant, and called his attention to that fact, and requested him either to make a payment on account of it, or to indorse a credit upon the note. The defendant thereupon indorsed a credit of $10 upon the note, conceding at the same time that the note was executed by him, and was a subsisting obligation, unless it was paid by credits for board of Malinda Harvey, but claiming in the most emphatic terms that the note was not only paid, but also greatly overpaid, by such credits. Upon the defendant's refusal to pay the note thereafter, the plaintiffs, as administrators of Malinda Harvey, brought suit thereon, but were defeated on the ground that her estate had been finally wound up. They thereupon took out administration on her estate *de bonis non,* and were again defeated on the ground that, in the meantime, the probate court of Lincoln county had made its order transferring this asset to the estate of Francis Harvey, and that the plaintiffs as administrators of Malinda Harvey had no title to the note. The present action is the third suit upon the note, and is

defended on the ground that there was no delivery of the note in the lifetime of Malinda Harvey, and that the note is still an asset of Malinda Harvey's estate, as the order of the probate court of Lincoln county was beyond the jurisdiction of that court and ineffectual to change the title to the note, and also on the ground that the note has been fully paid. The cause was tried before a jury, who, under the instructions of the court, found a verdict in favor of the plaintiffs on the nineteenth day of November, 1889, for the sum of $377.14.

We may add, in explanation of this long-protracted and unfortunate family litigation, that the administrators and distributees are divided in opinion as to the propriety of carrying on the litigation, and that the evidence adduced at the trial, which consisted mainly of the testimony of the interested parties, bears strong evidence of that fact, but that the administrators consider it their duty, as long as some of the distributees insist on it, to carry the suit to a final determination.

The assignments of error which are argued on this appeal are, that the court misdirected the jury in its instructions on the question of delivery of the note, and on the question of the title of the plaintiffs to the note. On the last proposition the defendant asked two instructions, as follows:

"The court instructs the jury that the testimony in this case shows that the plaintiffs, as administrators of the estate of Francis Harvey, deceased, have no title to the note sued on, and the verdict will be for the defendant."

"The court instructs the jury that, under the pleadings and evidence in this case, the plaintiff is not entitled to recover, and their verdict must be for the defendant."

These instructions the court refused to give, and the defendant excepted.

These instructions were properly refused in any view of the case. Irrespective of the question of the jurisdiction of the probate court of Lincoln county to transfer the note from the inventory of the estate of Malinda Harvey to that of James Harvey, on which we need express no opinion, there is evidence tending to show that Malinda Harvey never had any title to this note otherwise than as a mere trustee for the distributees of her husband's estate. The erroneous inventory of the note could not affect the quality of her title, and, if the note was the property of the plaintiffs as administrators of James Harvey, it is immaterial whether they obtained possession of it as such administrators, with or without the intervention of any order of the probate court. It is, furthermore, evident that the defendant cannot occupy the inconsistent position of defeating an action brought by the administrators of Malinda Harvey on the ground that the note is part of the assets of James Harvey's estate, and then endeavor to defeat an action brought against him by James Harvey's administrators on the ground that it is part of Malinda Harvey's estate. Nor is there any substantial merit in the objection, since the administrators as well as the distributees of both the estates are the same, and the judgment rendered in this case is a complete protection to the defendant against the claims of anyone who could under any circumstances assert title to the note.

On the question of delivery the court charged the jury very extensively. The following two instructions, however (one given on the part of defendant and the other by the court of its own motion), fully indicate the directions given by the court to the jury on that subject. The instruction given on defendant's behalf is this: : "The court instructs the jury that delivery constitutes an essential part of the execution of a promissory note, without which it has no validity or binding effect; that in this case the delivery of the note sued on is denied by the defendant, and that it devolves on

the plaintiffs to prove the delivery, to the reasonable satisfaction of the jury, by a preponderance of the testimony in the case."

And the one given by the court of its own motion is as follows : "If the jury believe from the evidence in the case that, on or about the date of the note sued on, defendant promised and agreed to execute to Mrs. Malinda Harvey a note for the amount due her, and in pursuance of such promise defendant signed said note but neglected to deliver it at the time, but retained it in his possession intending to deliver it, and after the death of Mrs. Harvey, in pursuance of such agreement and intention, he delivered the note to plaintiffs, or either of them, as the administrators of Mrs. Harvey, deceased, then the delivery of the note became complete, and said note became the obligation of the defendant ; and, if said note was delivered either to Mrs. Harvey in her lifetime or to her administrators after her death, as above explained, then the verdict will be for the plaintiffs, unless the jury further believe from the evidence that it was the understanding and agreement between defendant and Mrs. Harvey that said note, either before or after it came into the possession of Mrs. Harvey or her administrators, should be credited by the amount of her board that might thereafter become due from Mrs. Harvey to defendant, in which case the jury should give the note such credits as they may believe from the evidence it was entitled to at the time of Mrs. Harvey's death ; and, if the credits equal or exceed the amount then due on the note, the verdict must be for the defendant."

It is not questioned that delivery is essential to the validity of a note, and that such delivery must be made by one who has a right to deliver, with the intention to deliver. *Ayres v. Milroy*, 53 Mo. 521. It is true delivery may be constructive as well as actual, and in the case at bar, although the note may have never left the custody of the defendant during the lifetime of Malinda Harvey, yet, if the defendant after executing

it held it for her, and intended to hold it for her and on her behalf as her agent, then there was such constructive delivery of the paper as to make it a subsisting obligation from the day of its date. Daniel on Neg. Inst., sec. 63a. Taken in that sense, the instruction given by the court of its own motion was correct, although, taken in the sense attributed to it by the defendant's counsel, that the jury were warranted in finding that an intention to deliver to the intestate, consummated by a subsequent delivery to the administrator, was sufficient to constitute a valid delivery, it was incorrect. Daniel on Neg. Inst., sec. 63; *Gough v. Findon*, 7 Ex. 48. As the question of interest and limitation depended on the fact whether the paper was a written contract consummated by delivery in the lifetime of Malinda Harvey, or mere written evidence of an existing debt, this instruction of the court might have been highly prejudicial to the defendant, but for the fact that his own evidence concedes that he treated the paper, using his own words, as a note of hand and not as a mere memorandum. He takes a receipt from the administrators for it as a note, and, when it is about to be barred by the lapse of time *as a note*, he himself indorses a credit upon it to continue its validity, subject to such offsets and credits as he may have against it. All these acts are utterly inconsistent with the claim now made, that there was no delivery of the instrument so as to make it a note at any time, and hence the objection that the instruction misled the jury to the defendant's prejudice is not well taken.

The jury found for plaintiff in the sum of $377.14. A simple computation shows that that result could only have been reached by them by computing the note with compound interest to the day of the trial, and giving credit to the defendant for board of Malinda Harvey in the sum of $50, from the day of the date of the note to the day of trial, with ten-per-centum interest uncompounded. The jury were instructed by the court to

give credit on the note, if they found that it was the intention of the original parties that it should be thus credited for whatever amount they found Malinda Harvey was indebted to the defendant for board ; but they evidently overlooked the fact that such credit, if given at once, went in reduction of the principal of the note, and interest thereon could only be compounded on the residue. Under other circumstances we might reverse the judgment and remand the cause on account of this obvious mistake ; but, as the case was otherwise tried free from error, and as the jury's finding admits of but one explanation, we have determined to rectify the mistake here, and, by ordering final judgment according to the facts found by the jury, terminate this apparently endless litigation.

Giving a credit of $50 to defendant, as the jury intended to do, on his note from the day of its date, it leaves the defendant liable for the residue of the note, to-wit, $70, to be computed with compound interest until the last annual rest preceding the date of the judgment, to-wit, October 15, 1891, less the credit of $10, indorsed upon the note in October, 1884. This makes the amount due at the date of the last annual rest, according to the true result of the finding of the jury, $325.31.

It is, therefore, ordered that the judgment be reversed, and that the cause be remanded to the trial court with the direction to enter judgment in favor of the plaintiffs for the sum of $325.31, such judgment to bear interest at the rate of ten-per-centum per annum from October 14, 1891. As the defendant has died since the appeal was granted, and Malinda E. Dameron, his executrix, has been substituted of record here as defendant, such judgment should be entered in the circuit court against her as such executrix. Respondents are to pay the costs of this appeal. Judge Thompson concurs. Judge Briggs, having been of counsel for one of the parties, does not participate in this decision.