# WILLIAM F. BEHRENS v. SIMON KRUSE.[1]

January 14, 1916.

Nos. 19,509—(151).

**Facts.**

1. Plaintiff had furnished certain labor and material to defendant. In some cases he purchased the material from others. He submitted an itemized statement of his account, charging defendant in some instances with the respective amounts paid or agreed to be paid for the material, and charging a percentage for his services. After negotiation defendant drew a number of checks on the bank account of his wife, in whose behalf the transactions were had. The checks were for the exact amount shown by the statement as due to respective creditors from whom purchases had been made by plaintiff. The checks were handed to plaintiff, each was indorsed by him to the proper creditor and handed back to defendant with the absolute agreement that he should mail them to the respective indorsees. He failed to do so.

**Conversion of bank checks — finding sustained by evidence.**

2. The evidence sustains a finding that the checks became the property of plaintiff and that defendant converted them. Delivery of a check may be complete, though the payee after delivery hands it back to the drawer, if the circumstances are such as to give rise to an implication that the drawer is to hold or dispose of it as trustee for the payee.

**Account stated — finding as to items agreed to.**

3. The giving of a check for an account operates as an account stated. Parties may agree upon the correctness of certain items of an account between them, though they do not agree as to all, and this agreement is of binding force and effect. Such an agreement is an account stated as to the items agreed upon and it can be assailed only for fraud or mistake which must be pleaded and proved.

**Reservation of partial amount — conversion.**

4. A reservation of an amount pending a complete settlement must, under such circumstances, be regarded as a reservation to cover dis-

[1] Reported in 155 N. W. 1065.

Note.—As to what constitutes an account stated generally, see note in 27 L.R.A. 811.

As to effect of dispute as to certain items of an account upon assent to other items, see note in 7 L.R.A.(N.S.) 924.

crepancies in the portions of the account as to which the parties did not agree, and the retention of the checks on account of claim of such a discrepancy is a conversion.

### Evidence of payment.

5. The testimony does not make out the defense of payment, either alone or in connection with testimony offered.

### Trover and conversion — defense.

6. It is no defense to an action for conversion that the plaintiff has not paid debts which he intended to pay by realizing on the property converted.

### Stipulation — testimony of absent witness.

7. Where parties by stipulation make an admission without reservation as to what testimony an absent witness would give if present and stipulate that their admission may be used as evidence, it may be so used, though in the form of conclusions.

Three actions in the municipal court of Minneapolis to recover a total of $1,103.73 for conversion of certain bank checks drawn by defendant in favor of plaintiff. The facts are stated in the opinion. The cases were tried before Bardwell, J., who made findings and ordered judgment in each case in favor of plaintiff for the amount demanded. From orders denying his motions for new trials or for substituted and additional findings, defendant appealed. Affirmed.

*Frank E. Reed* and *Booth & McDonald,* for appellant.

*A. B. Jackson,* for respondent.

HALLAM, J.

1. In 1909, Edna Kruse, the wife of defendant, was building the Radisson Hotel in Minneapolis. Defendant attended to much of the business in connection therewith. Plaintiff did the work of interior decoration. He also installed the draperies and furnishings. On December 20, 1909, and after the work was wholly or substantially completed, plaintiff and defendant met, and plaintiff submitted a statement of the whole account both for decorating and for furnishings. As to the furnishings, this statement in some instances contained charges by plaintiff against defendant for material furnished, and in other instances

it showed the charges made by those from whom the material had been purchased, and added a percentage of ten per cent for services. Plaintiff also submitted to defendant 21 bills or statements of account of dealers from whom purchases of furnishings had been made, aggregating $9,125.97, and asked defendant to give him separate checks for the amount of each. These debts to dealers were plaintiff's obligations. According to the testimony of plaintiff and the finding of the court, defendant then drew separate checks as requested for the amount of each of these bills. The checks were made payable to plaintiff. Plaintiff thereupon indorsed each check over to the proper creditor, and then handed them all to defendant, with the request that he mail the same forthwith to the respective indorsees. The defendant agreed to do this. In fact he failed to send certain of the checks to the indorsees, but retained them, and it is claimed converted them to his own use. The court found as a fact that plaintiff was the owner of the checks and that they were worth face value, that defendant converted them, and ordered judgment for the face value thereof.

Defendant on the trial attempted to prove that the state of account between plaintiff on the one hand, and defendant and his wife on the other, was such that in fact there was nothing due and owing at the time the checks were given. The court received some testimony of this character over objection, and then announced that in his opinion the pleadings did not permit this kind of a defense, and refused to receive further evidence of this character. This is assigned as error.

2. A majority of the court are of the opinion that this evidence was properly rejected, not, however, on the ground that the pleadings were insufficient, but on the ground that the offered testimony did not constitute a defense. The checks were drawn on the bank account of defendant's wife pursuant to authority given by her, and were in fact her obligations. The court found that plaintiff was the owner of the checks. The evidence that they were drawn to plaintiff's order, signed by defendant and delivered to plaintiff, and that after indorsing them to certain parties to whom he was indebted, plaintiff handed them to defendant with the direction that he mail them to the respective indorsees named, sustains the finding of ownership in plaintiff. This evidence is sufficient to show both consideration and delivery. Delivery of a

check to the payee may be complete, though the payee after delivery hands it back to the drawer, if the circumstances are such as to give rise to an implication that the drawer is to hold or dispose of it as trustee for the payee. Garfield Nat. Bank v. Colwell, 8 N. Y. Supp. 380; In re Estate of Reeve, 111 Iowa, 260, 82 N. W. 912. Such an implication arises when the sole purpose of the redelivery of the check is to forward it to one to whom it has been indorsed. The intent of the parties governs, and, if they intend a delivery, that intent will be carried into effect. It is even held that there may be a complete delivery, though manual possession is not passed at all, if the circumstances be such as to give rise to an implication that the check is held by the maker as the agent or trustee of the payee. Holliday v. Lewis, 14 Hun, 478; Welch & Harvey v. Dameron, 47 Mo. App. 221.

3. If the defendant had given a check for this whole account, then, under well settled principles, this would have operated as an account stated, that is, an agreement that the account was correct. 1 Cyc. 373, 397; L. Everingham & Co. v. Halsey, 108 Iowa, 709, 78 N. W. 220; Greenwood v. Curtis, 6 Mass. 358, 4 Am. Dec. 145; McCormick v. F. Altneave & Co. 73 Miss. 86, 19 South, 198; Fesenmayer v. Adcock, 16 Mees. & W. 449; Buck v. Hurst & Bailey, L. R. 1 C. P. 297; see also I. L. Elwood Mnfg. Co. v. Betcher, 72 Minn. 103, 75 N. W. 113. Such an agreement can be assailed or set aside only on the ground of fraud or mistake (Wharton v. Anderson, 28 Minn. 301, 9 N. W. 860; Hanley v. Noyes, 35 Minn. 174, 28 N. W. 189; Christofferson v. Howe, 57 Minn. 67, 58 N. W. 830,) which must be pleaded and proved (Warner v. Myrick, 16 Minn. 81 [91]; Moody v. Thwing, 46 Minn. 511, 49 N. W. 229).

While the transaction in this case was not an account stated as to the whole account, it was an account stated as to the items for which checks were given. Parties may agree upon the correctness of certain items of an account, and if they choose to do so their agreement is of binding force and effect. Ingle v. Angell, 111 Minn. 63, 126 N. W. 401, 137 Am. St. 533, 20 Ann. Cas. 625; Tuggle v. Minor, 76 Cal. 96, 18 Pac. 131; Graham v. Chubb, 39 Mich. 417; Wiggins v. Burkham, 10 Wall. 129, 19 L. ed. 884; 2 Greenleaf, Ev. (16th ed.) § 126. Where a creditor renders to his debtor an itemized statement

of their account and the debtor gives a check for certain of the items, he by that act agrees to the correctness of those items and the agreement is binding, and the check is a valid and subsisting obligation, though other items of the account may not be agreed upon and may be in fact erroneous.

4. The evidence on behalf of defendant is that the agreement of December 20 was that these checks were to be used only upon verification of plaintiff's statement of account, and also that a further balance of $3,358.35 was held back, as a "factor of safety," as plaintiff's counsel has designated it. As to the first proposition the court finds against defendant, and finds that the delivery of the checks and the promise to mail them was unqualified. This stated and settled the items of the account which the checks were intended to pay. The retention of a portion of the balance that remained as a "factor of safety" can only be regarded as a retention to cover discrepancies in the portions of the account as to which the parties did not agree. See Hanley v. Noyes, 35 Minn. 174, 28 N. W. 189. Its retention did not affect the right of the plaintiff to the checks given for the specific items of the account, the correctness of which was agreed upon, and the retention of the checks by defendant was a conversion of them.

5. We do not think the defense of payment was made out. Nor do we think any testimony offered could have been sufficient to make out such a defense. This defense was pleaded in the supplemental answer. It is predicated on the proposition that the credits chargeable to plaintiff on the whole account exceed the just debits, and this is largely by the reason of the alleged discrepancies hereinbefore considered.

6. A number of other assignments of error are made. We have carefully considered all of them and consider them not well taken.

One claim is that plaintiff cannot recover for conversion of these checks, because he has not paid the debts which he intended the checks should pay. Clearly it is no defense to an action for conversion that the plaintiff does not pay debts which he intended to pay by realizing on the property converted.

7. Plaintiff was not present in court, and a stipulation was made as to what testimony he would give if present as a witness. The stipulated testimony was in part in form of conclusions. It is contended that

the stipulation insofar as it stated "conclusions, ultimate facts and the import of conversations," without giving the conversations, should have been ruled out. We cannot so hold. Where parties by stipulation make an admission without reservation as to what testimony an absent witness would give if present, and stipulate that their admission may be used as evidence with the same force and effect as if the witness had so testified, the stipulated testimony may be used in the form in which the parties themselves have stated it. See Hackfeld & Co. v. United States, 197 U. S. 442, 447, 25 Sup. Ct. 456, 49 L. ed. 826.

None of the other assignments of error require special mention.

Order affirmed.

On February 2, 1916, the following opinion was filed:

PER CURIAM.

Appeals in three actions between the same parties and involving identical questions of law, were by stipulation presented together, with one record, one brief, one oral argument, and one attorney on each side.

Only one allowance of statutory costs should be made. So ordered. See Babcock v. Canadian Northern Ry. Co. 117 Minn. 434, 445, 136 N. W. 275.