# STATE EX REL. NICKLAS GALSON v. EDNA GALSON.[2]

February 4, 1916.

Nos. 19,191—(38).

**Habeas corpus.**

The custody of a five-year-old child was awarded to the mother, who was found to be a fit person to care for the child. [Reporter.]

Upon the relation of Niklas Galson, the district court for Hennepin county granted its writ of *habeas corpus* directed to Edna Galson. The matter was heard before Hale, J., who awarded the custody of the child to

[1] Reported in 155 N. W. 1039.   [2] Reported in 156 N. W. 1.

the relator. From that order Edna Galson appealed. Reversed and custody of the child awarded to the mother until further order of the court.

*C. H. Slack*, for appellant.

*Booth & McDonald*, for respondent.

PER CURIAM.

The care and custody of the minor child of the parties was awarded by the district court to the relator after hearing on a writ of *habeas corpus*. Respondent, Edna Galson, appealed from the order. Additional testimony was taken before a referee and reported by him to this court, where the case was heard *de novo*.

Niklas Galson, a Greek, and Edna, his wife, the parents of the five-year-old girl whose custody is in controversy, ceased their marital relations, and a default decree of divorce was granted to the husband in June, 1913, which awarded him the care and custody of the child, which was at the time with its mother. Galson afterwards secured possession of the girl, and intrusted her to the care of one of his countrymen, from whom the mother took her.

It need not be stated that in these cases the first if not the only consideration is the welfare of the child. Plainly it should be with its mother, unless she is an unfit person to be charged with its bringing up. The controversy on the trial below and in this court was as to the fitness of Mrs. Galson to care for and bring up her child. The trial court decided that she was unfit, but it did not have the benefit of the evidence taken in this court before the referee. On the record as it stood when the trial court filed its decision, we would not reach a contrary conclusion. But a careful consideration of all the evidence convinces us that a decision finding the mother unfit by reason of her character and habits to have the care and custody of her young daughter is not demanded or even justified. The evidence is of such a character that decency forbids even a synopsis. Suffice it to say that we find the accusations of the husband, supported by the "dicers' oaths" of his countrymen, to be false.

The order appealed from is reversed, and the care and custody of the child awarded to respondent, until the further order of this court.