## IN RE OWATONNA DRUG COMPANY.
### F. M. SMERSH v. HARRY T. BROWN AND ANOTHER.[1]

October 31, 1924.

No. 23,966.

**Evidence of account stated.**
1. A promissory note, given to cover the amount of the indebtedness of a corporation as shown by an open account, is competent evidence to show that the account was stated and that the amount actually due thereon is represented by the note, although the note was executed by an officer of the corporation without authority.

**Claim allowed.**
2. The order of the trial court allowing a claim based on the account is supported by the evidence.

[1]Reported in 200 N. W. 630.

In proceedings in the district court for Steele county to dissolve the Owatonna Drug Company, the Owatonna Medicine Cabinet Company filed a claim against that company which was allowed in the sum of $936 by Senn, J. From the allowance of the claim, F. M. Smersh, a creditor of the drug company, appealed. Affirmed.

*Gallagher & Gallagher,* for appellant.

*Nelson & Nelson,* for respondents.

LEES, C.

Appeal from an order allowing a claim of the Owatonna Medicine Cabinet Company against the Owatonna Drug Company, a corporation now in the hands of a receiver. The appellant is president and a stockholder of the drug company.

The claimants had furnished the drug company with a preparation known as Gentian Compound. The claim was based on a ledger account and a promissory note of $1,200, dated June 24, 1921, representing the balance due on the account. The account contains charges entered between September 8, 1920, and March 17, 1921, aggregating $1,356, and credits entered June 24, 1921, amounting to $156.

The evidence showed the following method of doing business: When the drug company placed an order for the compound, sales slips would be made out in triplicate. When delivery was made, one of the slips was given to the drug company and two were retained by claimants, one for their own use and the other for the United States revenue officers, to whom reports of the sales had to be made.

Evidence was introduced showing that all sales prior to September 8 were for cash, payment being made on delivery. After that date cash was paid on delivery in some instances and in all other instances charges were entered in the ledger account, which was kept to show only the sales on credit.

To defeat the claim, eleven checks were introduced in evidence. They aggregate $1,904.37, were issued by Emil S. Kubat, as secretary of the drug company, and were made payable to the cabinet company. The first of these checks is dated October 4, 1920, and

the last June 25, 1921. All but three of them were cashed prior to June 24, 1921. Of these three, one is for $120, dated June 7; one for $144, dated June 14; and one for $104.37, dated June 25, 1921. The two first mentioned were paid on June 29 and the third on June 28.

There was evidence showing that when the note was given all sale slips which had not been paid were taken up and delivered to Kubat in exchange for the note, but neither party produced any slips issued at any time in the course of their dealings, and we are left to infer that they had been destroyed. Neither party could produce any record of any of the transactions between them except the ledger account and the note. Counsel for appellant contend that the evidence fairly shows that the checks in evidence paid for all of the compound their client received during the period covered by the ledger account. They urge that it is unbelievable that, in addition to the large quantity of the compound charged for in the account, an even greater quantity was delivered during the same period and paid for by these checks. Both parties were careless in keeping track of the sales, the deliveries and the payments, but one fact stands out prominently and is not directly disputed. When the note was given, Kubat, representing the drug company, went over the account with claimants to ascertain the amount of the indebtedness then existing, and after this was done he executed the note. That he would give a note for a debt which had been paid or was fictitious is not believable under the showing made at the trial. Suspicion and the absence of more satisfactory evidence of the existence of an indebtedness do not take the place of affirmative evidence of misconduct on the part of an officer of a corporation whom it has placed in charge of its business affairs. It is conceded that Kubat had no authority to execute notes in behalf of the company, but the note was nevertheless competent evidence to establish a stated account. In that respect it must be given the same effect as a check issued but not delivered. Behrens v. Kruse, 132 Minn. 69, 155 N. W. 1065, 156 N. W. 1. See also 1 C. J. 690.

In this connection it is urged that, if the account is correct, the claim should have been allowed in full. It was allowed at $936. It

is contended that this indicates that the court did not credit the testimony with respect to the alleged settlement. There is force in the contention and no very satisfactory explanation for the reduction in the amount of the claim can be made. Appellant profited by the reduction and complains only because a greater one was not made. It does not follow that, if appellant had a right to any reduction at all, the entire claim must be disallowed. It may be that the court concluded that some of the checks, issued before but paid after June 24, should have been, but were not, credited upon the account. We can only conjecture as to the reasons which led the court to find that only $936 was due. Viewed from this distance, the evidence leaves the matter in controversy in a state of some uncertainty, but the trial court was in a better position to weigh the evidence than we are and we cannot say that it does not support the conclusion which was reached.

The order is therefore affirmed.