COLD SPRING GRANITE COMPANY, INC. v. JACOBSON
BROTHERS.[1]

December 20, 1929.

No. 27,519.

*Middaugh & Wheeler,* for appellant.
*Fryberger, Fulton & Boyle,* for respondent.

HILTON, J.

Defendant partnership, general contractors at Duluth, Minne-
sota, had a contract for building a cathedral at Superior, Wiscon-
sin. Plaintiff, operating a granite quarry at Cold Spring, Minne-

[1]Reported in 228 N. W. 344.

sota, had a subcontract with defendant for furnishing all the granite necessary for the construction of the building for the sum of $21,000. The complaint was on two causes of action, with the first of which only we are concerned, as the answer admitted the second. The answer contained a counterclaim, which the court properly took from the consideration of the jury. The complaint declared on an account stated. The answer specifically denied it. In support of its claim plaintiff introduced the following exhibits:

PLAINTIFF'S EXHIBIT "A"

"Jacobson Brothers
"Building Contractors
"Duluth, Minn.

"February 21, 1927.

"Cold Spring Granite Co.,
"Cold Spring, Minnesota.

"Gentlemen:

"This is to notify you that you will not receive the 15 per cent of the granite which you have furnished for the Cathedral, located on Baxter and Belknap Street, Superior, Wisconsin, until you have repolished some portions and tops of the various granite columns and pilasters, so that they will match evenly, and when this is done and accepted by the architect you will receive as final payment the 15 per cent so retained by us.

"It is further understood that we are to notify you when this work is to be done, which will be on or about April 1, 1927.

"Yours very truly,
"JACOBSON BROTHERS
"Jacob Jacobson."

PLAINTIFF'S EXHIBIT "B"

"Duluth, Minn., Feb. 21, 1927.

"To Jacobson Brothers, Dr.
　"Building Contractors.

"Cathedral Job.

| | | |
|---|---|---|
| "Contract Price | · | $21,000.00 |
| "Extra Base for front porch | | 598.40 |
| "Extra for East & West Basement Ent. Areaways | | 574.00 |
| | | $22,172.40 |
| "Less Freight & Express | 608.56 | |
| "Hauling Rejected Granite | 58.00 | |
| "By Cash | 13,500.00 | |
| "Less 15% | 3,325.86 | 17,492.42 |
| "Balance | | $4,679.98" |

The second and third items of exhibit B are the ones here in dispute. Defendant paid plaintiff the $4,679.98 but refused to pay more.

The exhibits were not transmitted to plaintiff by mail but were delivered to it at Duluth in person by Jacob Jacobson, the managing partner of defendant. He testified that at the time of the delivery thereof he positively stated to plaintiff that the exhibits were made and delivered by defendant upon the condition and understanding that the two items would only be paid by defendant if the architect, the building committee, or the bishop approved them as extras, in which event defendant would be entitled to receive pay therefor and would in turn pay plaintiff. This testimony not only had direct support in the evidence but was strongly corroborated by circumstances, a part of which need only be detailed. There was an early dispute relative to the subject matter of the two items. At a conference at Cold Spring in 1926 the whole matter was gone over and the position of defendant fully stated. Plaintiff was to

take the matter up with the architect and the cathedral authorities with the end in view of securing their approval of the two items as extras. Correspondence between the parties herein, both before and after February 21, 1927, substantiated defendant's contention.

The authorities in charge of the building of the cathedral claimed that under the plans and specifications the granite covered by the two items came within the general contract. If so, plaintiff's contract also included that material, which should not be paid for as extras. The contracts specifically referred to the plans, drawings and specifications, which were made parts thereof. By competent evidence it clearly appeared that the two items were not extras. Evidence on behalf of plaintiff in some material respects controverted that offered by defendant. This is primarily a fact case. The facts here, under proper instructions, were for the determination of the jury. Its conclusions must stand, amply supported as they are by the evidence.

Had there been an account stated, plaintiff's contention that it could only be set aside for fraud or mistake is correct. In that situation such a defense must be pleaded. Behrens v. Kruse, 132 Minn. 69, 155 N. W. 1065, 156 N. W. 1; Kenyon Co. v. Johnson, 144 Minn. 48, 174 N. W. 436. Here however the answer specifically denied that an account was stated. If the exhibits upon which plaintiff's claim was based were delivered and accepted subject to the conditions and qualifications testified to, then there was no account stated. This conclusion is so universally supported by decisions that it is not necessary to cite them in detail. For a general discussion of accounts stated and the propositions of law here involved, see 1 and 2 Dunnell, Minn. Dig. (2 ed.) §§ 50 and 3377, and cases cited; 1 R. C. L. p. 207; 1 C. J. p. 678; 1 Am. & Eng. Enc. Law (2 ed.) p. 437 (each et seq.).

The jury was justified in believing that the defendant did not specifically or impliedly consent or promise to pay the items and that they were only to be paid in case of their allowance as extras. It was proper to receive evidence showing the circumstances and conditions of the delivery of the exhibits. There was no violation

of the rule that parol evidence is inadmissible to vary the terms of a written contract. 2 Dunnell, Minn. Dig. (2 ed.) § 3377.

Numerous cases cited by plaintiff, wherein the evidence showed and the court found an account stated, are not in point here and need not be considered. All the assignments of error have been carefully considered; there is no ground for reversal.

Affirmed.