MANNING & LEWIS ENGINEERING CO. v. PLYMOUTH BOILER CO.

(*August* 10, 1949.)

LAYTON, J., sitting:

*Isaac D. Short, 2nd* for Plaintiff.

*Houston Wilson* for Defendant Petitioner.

Superior Court for Sussex County, No. 119, Civil Action, 1949.

98

**LAYTON, Judge.**

The check not being a "worthless check" within the first part of the section the question is thus presented whether it may be regarded as a slip or memorandum in settlement. This is a case of first impression and no hint of the legislative intention being available, the result will have to be attained, as best it can, by accepted principles of statutory construction.

Assuming, as defendant argues, that statutes providing for attachment process, being in derogation of the common law, must be strictly construed, I can see no reason why the check in question does not meet the definition of a slip or memorandum under the statute. Checks, in common parlance, are not synonymous with slips or memoranda, but why should the fact that this instrument was drawn essentially in the form of a negotiable instrument, commonly called a check, rob it of its incidental character of a slip or memorandum in settlement of an account? If the defendant upon receiving the coils in question had prepared and signed a paper to the effect that, as a result of the transaction the account

between it and plaintiff was in the sum of $1,265 which it thereby acknowledged and agreed to pay, I believe the requirements of the statute would have been satisfied. I see little difference between the two situations.

■ If the principles of an account stated are applied by way of analogy the conclusion is further fortified. As I read the law of account stated the bare statement of a balance due, unaccompanied by an itemization of the details, if accepted, may constitute a stated account. It is not essential that the account should be rendered in any particular form providing a fixed sum is admitted by one party to be due to the other. 1 C.J., Accounts and Accounting, §§ 254, 255, 263; 1 C.J.S., Account Stated, §§ 21, 22, 28. Nor is it necessary, as defendant seems to urge, that the memorandum or slip should be issued in compromise of some sort of dispute between the parties. Here, plaintiff sold material and presented defendant with an invoice. In turn, defendant gave its post dated check evidencing its aceptance of the correctness of the statement and acknowledging its liability to plaintiff in the amount of the invoice.

In this connection, promissory notes, duebills and even I. O. U.'s have been construed as prima facies evidence of accounts stated. In *Richie v. Prout,* 16 *U. C. C. P. (Ont.)* a note was surrended and replaced by another which was invalid so that recovery could not be had upon the latter. Yet, the void note was introduced as evidence of an account stated. In this case, the negotiability of the check was destroyed by the stop payment order but it still remains a slip or memorandum signed by the party to be charged in settlement of an account. And in *Behrens v. Kruse,* 132 *Minn.* 69, 155 *N. W.* 1065, 1067, 156 *N. W.* 1, the Supreme Court of Minnesota had this to say with respect to a check issued in payment of an account: "If the defendant had given a check for this whole account, then under well-settled principles this would have operated as an account stated, that is, an agreement that the account was correct. (Citation of Authorities.) Such an agreement can

be assailed or set aside only on the ground of fraud or mistake, * * * which must be pleaded and proved. (Citation of Authorities.) * * *

"Where a creditor renders to his debtor an itemized statement of their account and the debtor gives a check for certain of the items, he by that act agrees to the correctness of those items and the agreement is binding, and the check is a valid and subsisting obligation."

If, as it seems, a check drawn in payment of an account rendered is evidence of an account stated, then there is no valid reason why the check in question should not be considered as a slip or memorandum in settlement of a transaction.

It is to be noticed that plaintiff is not charged with fraud in deliberately obtaining defendant's check knowing that the materials sold were defective. Defendant will have full opportunity in a hearing upon the merits to demonstrate that plaintiff is entitled to nothing or a less amount than claimed.

In my opinion, the check in question satisfied the provision of the statute in that it represented a slip or memorandum in settlement of an account.

Petition dismissed.