| 86  | 238 |
| 136 | 266 |

# Ware *v.* Manning.

*Action on Common Counts.*

1. *Account stated.*—When there is an accounting between two persons who have mutual demands against each other, a balance struck,

[Ware v. Manning.]

and an assent by each to its correctness, it becomes a stated account; and if there is a concurrence of their minds as to the allowance or disallowance of all the various items, leaving the balance as a matter of subtraction only, though not struck by them, it is a stated account.

2. *Same.*—To constitute a stated account, it is not necessary that there should be mutual demands between the parties: an account rendered by one to the other, containing charges on one side only, becomes an account stated, if retained without objection within a reasonable time; and if one or more items are objected to, there is an implied admission of the correctness of the others, and it becomes an account stated as to them.

3. *Same; conclusiveness of.*—An account stated being an admission, in the nature of a new promise, is *prima facie* correct, but may be impeached by proof of fraud, mistake or errors, the burden of proof being on the party who assails it.

4. *Statute of limitations; computation of time in case of mutual accounts.*—Under statutory provisions regulating the computation of time, as to the statutory bar to an action on an account (Code, § 2627), when there are mutual accounts between parties who are not merchants, and no balance has been struck, no part of the plaintiff's account is barred unless all of it is; but, if all of the items of the account are on one side, some of the items may be barred while others are not, and these are not taken out of the statute because defendant holds a note or notes executed by the plaintiff.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Henry A. Manning, against William J. Ware, and was commenced on the 5th November, 1883. The original complaint contained thirty-seven counts, and three more were added by amendment, all being in the form of the common counts, on an account, on an account stated, for goods sold and delivered, money had and received, &c. The defendant pleaded the general issue, payment, set-off, and the statutes of limitations of three and six years; and issue was joined on all of these pleas. The plaintiff's claims consisted of accounts for goods sold and delivered to defendant at different times, between December, 1873, and January, 1883, by H. A. Manning & Co. and Manning & Street, mercantile partnerships of which plaintiff was a member, and by himself personally, as the successor in business to the said firms; the assets, debts and accounts of each firm having been transferred to him. The defendant's principal cross demand was three promissory notes for $80 each, executed to him by the firm of H. A. Manning & Co. in 1873, for borrowed money, each payable six months after date; and the plaintiff testified that, when this money was borrowed, "it was agreed that defendant would trade out said notes." The plaintiff introduced one Bartlett as a witness, "who testified substantially as follows: Witness could

not recollect the sales of the goods, but he run over the accounts with defendant in 1877, calculating the interest thereon, and on the notes, at defendant's request, at twenty per-cent. Witness and defendant were trying to settle the accounts between plaintiff and defendant. When witness read over to defendant, from the books, the items constituting plaintiff's accounts, defendant made no objection to any item. Defendant said that he had left his notes at home, but that he would get them, and come back the next day. Witness and defendant footed up the calculation, which he itemized in the account book, and ascertained the amount due plaintiff. Defendant fell behind, in an amount witness can not now recollect, but he made an entry of his calculation on plaintiff's accounts, and entered the same on plaintiff's book of accounts. Defendant said he would go home and get his notes, and bring them back next morning and settle; but he failed to do so." The defendant thus testified in his own behalf, as to these matters: "No settlement of the amount due from him to plaintiff was made in the year 1877, the time mentioned by said Bartlett; but the accounts were presented to him by said Bartlett, and he objected to two items—one of which was a saddle he never bought, and the other a $20 order he never gave. Defendant told said Bartlett that he would bring his notes and accounts over the next morning, and have a settlement; and that if he owed plaintiff anything, he would pay the same."

On this evidence, with other evidence not material, the court charged the jury as follows: "If the jury find from the evidence that plaintiff and defendant met in 1877, and looked over each other's accounts, and defendant acknowledged plaintiff's account to be correct in whole, then the account became a stated account; and this would be true, even if the defendant did not have his notes there, and they were not considered in the calculation." To this charge the defendant excepted.

The court also gave the following charges, on request of the plaintiff, the defendant duly excepting to each: (1.) "To make an account a stated account, it is not necessary that a balance be struck by the parties, by deducting what one owes from what the other owes; nor is it necessary that the exact amount of the account be ascertained, by making additions and counting interest, and thus ascertaining the exact amount of the account. If a man is shown his account, and the items charged against him, and makes no objection

[Ware v. Manning.]

to the account, this makes it a stated account." (2.) "When there are mutual accounts or dealings between the parties—that is, where the account consists of debits and credits on each side—if any part of the account is not barred by the statute of limitations, then no part of it is barred." (3.) "If on the 25th December, 1879 (?), plaintiff had no claim against defendant which was not then barred by the statute of limitations, then the three eighty-dollar notes offered in evidence by the defendant are barred by the statute of limitations, and should not be considered by the jury in arriving at a verdict." (4.) "If the jury believe from the evidence that, on the 25th December, 1877, Bartlett and defendant tried to have a settlement, and Bartlett showed defendant the accounts which plaintiff then had against him, and the items constituting such accounts; and that defendant then made no objection to said accounts, but agreed to bring in the notes and other claims he held against plaintiff, but failed to do so; and that said settlement was never finished on account of such failure on his part; then the account, as presented and shown to defendant by said Bartlett, became a stated account, and is not barred by the statute of limitations." (5.) "If the jury believe from the evidence that defendant held against plaintiff the three notes offered in evidence, and traded with plaintiff with the understanding, express or implied, that the account was to be applied to the liquidation of said notes; and that the parties have, ever since 1873, had mutual dealings on account with each other; then no part of plaintiff's account is barred, nor are said notes barred by the statute of limitations." (6.) "If any part of the plaintiff's account, if he has such account, is not barred by the statute of limitations; that is, if any item of it is not barred by the statute; then no part of said account is barred."

The defendant requested the following charges in writing, and duly excepted to the refusal of each: (1.) "If the jury believe from the evidence that Manning was doing business at Lineville, and commenced a new business at Ashland in 1878, or 1879, and continued his business at Lineville; then his accounts at Ashland, though continuous, do not remove the bar of the statute of limitations on the accounts at Lineville." (2.) "The presentation of an account to a debtor, and a promise to pay it, do not estop the debtor from setting up a mistake as to any of the items therein contained." (3.) "In stating an account, two things are necessary: 1st,

16

that there be a mutual examination of the claims of each other's accounts by the parties; and, 2d, that there be a mutual agreement between them as to the correctness of the allowance and disallowance of the respective accounts, and of the balance as it is struck upon the final adjustment of the whole account and demands on both sides. The minds of the parties must meet upon the allowance of each item of the accounts allowed, and upon the disallowance of each item rejected; they must mutually concur upon the final adjustment, and nothing short of this in substance will fix and adjust their respective demands, as on an account stated."

The charges given, and the refusal of the several charges asked, are now assigned as error by the defendant.

SMITH & STEED, for appellant.

PARSONS, PEARCE & KELLY, and W. M. LACKEY, contra.

CLOPTON, J.—An account stated may be defined, in general terms, to be where an acccount is rendered, and a debt in a specified sum is acknowledged as due from one party to the other; or where parties, who have had previous transactions, agree upon a definite balance as due. It is not essential that there should be cross or mutual demands; but, when there are mutual demands, there must be an adjustment, a balance struck, and an assent to its correctness. The debtor and creditor must mutually agree as to the respective demands, and as to the balance ascertained on the final adjustment. An admission of an indebtedness in a specified sum is sufficient to constitute a claim an account stated. The admission may be implied from the circumstances. When an account is rendered showing the balance due, and the debtor retains it, without making objection within a reasonable time, his failure or omission to object is presumptively construed as an admission of its correctness. If the charges be all on one side, it is sufficient if there be an acknowledgment or admission, express or implied, of a certain sum due. And if the account of the plaintiff alone be stated showing the amount due, an acknowledgment or admission of such account is sufficient to constitute it an account stated, though the defendant may have counter claims which are not deducted. If the items of the account of the plaintiff were read over to the defendant, by the agent of the plaintiff, and he made no objection thereto, the claim became

[Ware v. Manning.]

an account stated.—*Nooe v. Garner*, 70 Ala. 443; *Burns v. Campbell*, 71 Ala. 271; 62 Amer. Dec. 85; 2 Greenl. Ev., §§ 126, 127.

Tested by these rules, the general charge of the court, and the first and fourth charges given at the instance of plaintiff, may be regarded as asserting correct legal propositions. When there is an admission of the correctness of the items composing the mutual demands—when the minds of both parties concur as to the allowance and disallowance of the various items—it is not requisite to the striking a balance that the one should be subtracted from the other: it is sufficient, if the balance becomes a matter of mere addition and subtraction. But the fourth charge, while asserting a correct general proposition, was, in view of the evidence, calculated to mislead, and no doubt did mislead the jury. To entitle a party to recover upon an account stated, he must show a fixed and certain sum to be due, though he need not precisely prove the sum laid in the complaint. In such case, the action is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied. If the plaintiff would take his claim out of the bar of the statute of limitations as to an open account, he must prove a right to recover upon an account stated. The evidence of the witness, Bartlett, tended to show a final adjustment of the mutual demands, and a balance struck; but there is no evidence tending to show the amount of such balance. On the contrary, the witness stated, he could not recollect it, but made an entry of the calculation in plaintiff's book of accounts. The book was not produced to refresh the memory of the witness. On his evidence, the plaintiff was not entitled to recover on an account stated.

The third charge, requested by defendant, was taken *verbatim* from the opinion in *Lockwood v. Thorne*, 18 N. Y. 292, and as a general proposition, is correct; but, when referred to the evidence, it is calculated to mislead. The jury would have understood the charge as meaning, that if the defendant objected to two items of the account, which his testimony tended to prove, the minds of the parties did not meet upon the allowance and disallowance of each item of the mutual account. When only one or two items of an account, consisting of many, are objected to, this is regarded as an admission of the correctness of the items to which no objection is made.—*Burns v. Campbell, supra.*

[Bass Furnace Co. v. Glasscock.]

An account stated, being an admission of the amount due, in the nature of a new promise to pay the same, does not operate to estop the defendant from impeaching it for mistake, unless, by some act, he causes the plaintiff to alter his position, to his prejudice.   Such admission only establishes, *prima facie*, the accuracy of the account, and dispenses with other proof of the correctness of the items.   It is open to impeachment for fraud, mistake, or errors; the burden of proof being upon the party impeaching.—*Lockwood v. Thorne, supra; Cook v. Bonitz*, 4 Daly, 117.   The second charge requested by the defendant, should have been given.

Section 2627 of the Code of 1886 provides:   "When there are mutual accounts between persons who are not merchants, the time must be computed from the date of the last item, unless the account is liquidated, and a balance struck." Under the statutes, it has been held, that where there are mutual accounts, consisting of debits and credits, or reciprocal dealings between the parties, if a part of the account is not barred, none is; but, if the accounts are not mutual, all the items being on one side, the entire account is not taken out of the statute of limitations, because one or more of the items may not be barred.—*Wilson v. Calvert*, 18 Ala. 274; *Todd v. Todd*, 15 Ala. 743.   There is no evidence showing mutual accounts, or an account consisting of debits and credits.   The cross demands of the defendant against the plaintiff consisted of three notes made in 1873, and payable six months after date.   So far as disclosed by the evidence, all the items of the account of the plaintiff were on one side, and the accounts are not taken out of the statute because of the notes.

These principles will be a sufficient guide on another trial. Reversed and remanded.