## LONSDALE v. SCHLEGEL.

No. 8466—Opinion Filed Feb. 26, 1918.

(171 Pac. 330.)

(Syllabus.)

**1. Evidence — Admissions — Liability on Account.**

Evidence that, prior to the institution of the action, the defendant admitted he owed the amount sued for, is admissible in support of plaintiff's cause of action on an open account.

**2. Trial — Instruction — Cure of Error.**

While an instruction standing alone may be subjected to criticism as being indefinite and uncertain, yet if other instructions fairly submit the material issues to the jury, reversible error is not committed.

**3. Same—Theory of Case.**

Record examined, and held, that the instruction complained of, when considered in connection with other instructions given, fairly states the law applicable to the theory of the case upon which it was commenced and tried.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by O. U. Schlegel against E. F. Lonsdale. Judgment for plaintiff, and defendant brings error. Affirmed.

J. J. Henderson, for plaintiff in error.

Randolph, Haver & Shirk, for defendant in error.

KANE, J. This was an action upon an open account, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The petition, which was in the usual form, with a verified statement of account attached thereto, further alleged that prior to the commencement of the action the defendant acknowledged the correctness of the account sued upon, and agreed that the amount due should bear interest at the rate of 8 per cent. per annum for the purpose of inducing the plaintiff to withhold suit and extend the time of payment for a short time, and that said extension has long since expired. The answer of the defendant consisted of a gen-

eral denial and allegations setting up defensive matter, to the effect tha.. the defendant had paid certain of the items set forth in the account attached to the petition, for which he was not allowed credit. And by way of cross-petition he alleged that the plaintiff was indebted to him in the sum of $711.35, as per an itemized statement attached to his cross-petition. Wherefore he prayed judgment against the plaintiff in the sum of $457.57. The reply to this amended answer and cross-petition consisted of a general denial. Upon trial to a jury there was a verdict for the plaintiff in the sum of $966.60, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The only assignment of error argued by counsel for plaintiff in error in his brief is that the trial court erred in giving instruction No. 1 to the jury. We do not think this so-called instruction was erroneous. Indeed it does not attempt to state any applicable principle of law, but purports to be merely a resume of plaintiff's theory of the case. It is probably true that in making this statement the court did not follow with absolute fidelity the language used by counsel for plaintiff in outlining the theory of his case in his petition; but, notwthstanding this, we do not believe that the instruction given is subject to the criticism leveled at it, that is, that it instructed the jury that plaintiff's action was an action on an account stated, and not upon an open account. The plaintiff alleged that the defendant is indebted to him on an open account, and that the defendant admitted that the account sued on was correct. In the testimony of the plaintiff, he stated that the defendant admitted the correctness of this account, and agreed to pay it with interest; while the defendant in his testimony denied that he admitted the correctness of this account. The jury may or may not have believed that the defendant admitted the account. If they believed that he did not admit it, there was still ample evidence in the record to prove it correct, and practically no evidence tending to disprove it. If the jury did believe the defendant admitted the correctness of this account, it would only be cumulative evidence tending to corroborate the other evidence offered for the purpose of establishing the open account. Neither the allegations of the petition as to the admissions of the defendant, nor the testimony offered to establish such admissions, nor the statements relating thereto by the court in the instruction complained of, were inconsistent with the theory that the action was on an open account. The rule is well settled that:

"An account may be supported without proof as to the particular items by proving that defendant had admitted the account to be correct. In other words, evidence of a stated account is sufficient proof to support plaintiff's cause of action on an open account, and therefore it may be supported by an implied, as well as an express, admission, as by the assent which is presumed from acquiescence in an account rendered." 1 Corpus Juris, 662.

It is also well settled that, in an action to recover a balance due on an account for goods sold, evidence that prior to the institution of the suit, plaintiff and defendant had a settlement, and that defendant admitted he owed the amount sued for, is not such a variance as will defeat recovery. Theus & Marbury v. Jipson, 3 Willson, Civ. Cas. Ct. App. (Tex.) § 190.

Moreover, in the second instruction given the court again states the issues involved and the law applicable thereto with such clearness and particularity as to remove all possibility of the jury being misled as to the issues by the instruction complained of. The rule is that:

"While an instruction standing alone may be subjected to criticism as being indefinite and uncertain, yet if other instructions fairly submit the material issues to the jury, reversible error is not committed." Casteel v. Brooks, 46 Okla. 190, 148 Pac. 158.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.