(89 South. 93)

## PATERSON v. MOORE-NEELY REALTY CO., Inc. (1 Div. 397.)

(Court of Appeals of Alabama. Feb. 1, 1921. Rehearing Denied April 5, 1921.)

**1. Account stated ⊙⊃8—When proved, precludes contention that indebtedness was due another than plaintiff.**

In action on account stated, where the evidence shows an account stated between plaintiff and defendant, the defense that the indebtedness which was the subject-matter of the account was in fact due to another than plaintiff cannot be sustained.

**2. Appeal and error ⊙⊃193(4)—Defect in complaint to be reached by demurrer, and not available for the first time on appeal.**

The complaint alleged that an account was stated between plaintiff and defendant partnership, that the individual defendant was a member of the partnership at the time of the creation of the indebtedness, and that the indebtedness remained unpaid. *Held,* that the question whether the stating of an account between plaintiff and the defendant partnership amounted to a stating between plaintiff and the individual defendant partner arose out of a possible defect in the complaint, available only by appropriate demurrer, and, not having been brought to the trial court's attention, was not reviewable.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Assumpsit by the Moore-Neely Realty Company, Incorporated, against the partnership of the Bay City Roofing & Sheeting Works, composed of W. B. Paterson and others. Judgment for plaintiff, and the defendant Paterson appeals. Affirmed.

Armbrecht, Johnston & McMillan, of Mobile, for appellant.

The defendant was entitled to the affirmative charge as to the count remaining in. 21 Ala. 473; 32 Ala. 395; 18 Ala. 708; 139 Ala. 535, 36 South. 722; 6 Ala. App. 226, 60 South. 560; 27 Cyc. 837.

Clarke, Brown & Kohn, of Mobile, for appellee.

No brief came to the Reporter.

MERRITT, J. The appellee (plaintiff below) brought this action in the inferior court of Mobile against the Bay City Roofing & Sheet Metal Works, a partnership, and against W. B. Paterson (appellant here) as a member of the partnership and in his individual capacity. From a judgment for the plaintiff, the defendant Paterson alone appealed to the circuit court. In the latter court the complaint was amended to contain three counts. So far as the record shows, issue was joined on the plea of the general issue. Counts 1 and 2 were eliminated by

---

affirmative charge given by the court at the request of the defendant. The case was submitted to the jury on the third count.

The appellant assigns as error the refusal to give the general charge as to count 3. This renders necessary a construction of count 3. It reads:

"The plaintiff claims of the defendant $62.75 due from defendant to plaintiff by account stated between plaintiff and Bay City Roofing & Sheet Metal Works, a partnership of which the defendant was a member when said indebtedness was created, which sum of money, with the interest thereon, is still unpaid."

It will be noted that the count contained these allegations: That an account was stated between the plaintiff and the Bay City Roofing & Sheet Metal Works, a partnership; that the defendant was a member of said partnership at the time of the creation of the indebtedness; that the indebtedness remains unpaid. The evidence tends to show an account between the plaintiff and the partnership, a balancing and rendering of the account, and an acceptance of the account and agreement as to the correctness of the amount due by the partnership. Ware v. Manning, 86 Ala. 238, 5 South. 682; Comer v. Way, 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93. The evidence further showed that the defendant Paterson was a member of the partnership when credit was extended and at the time the account was balanced and stated. See Paterson v. Mobile Steel Co., 201 Ala. 471, 80 South. 856.

[1] Appellant insists that, since the subject of the account was premiums for insurance, the indebtedness was due the insurance company (of which the plaintiff was agent), and not due the plaintiff; hence there was no account between the plaintiff and the partnership, or this defendant. Having concluded that the evidence showed an account stated between the plaintiff and the partnership, this contention disposes of itself. Ware v. Manning, supra.

[2] The next insistence is that, conceding an account stated between the plaintiff and the partnership, it was not shown to have been stated as between the plaintiff and this appellant, and therefore this appellant cannot be held answerable in this action. As stated above, no pleading appears to have been filed by the defendant to the amended complaint, other than the general issue. Whether the stating of the account between the plaintiff and the partnership amounted to a stating between plaintiff and appellant as a member of the partnership was not an issue to be decided by the jury. It was a question of law necessary to be decided by the court before the trial was entered upon. It arose out of a possible defect in the complaint; it could only be raised by appropriate demurrer. Not having been brought to the attention of the trial court, it cannot be considered here.

It is therefore unnecessary to discuss the assignments of error directed to the ruling of the court on the admission of evidence. They are without merit. No error appearing in the record, the judgment is affirmed.

Affirmed.