## PEURIFOY et al. v. HOOD RUBBER PRODUCTS CO.

### No. 1089.

Court of Civil Appeals of Texas. Eastland.

April 14, 1933.

Davidson, Doss & McMahon, of Abilene, for appellants.

Kirby, King & Overshiner, of Abilene, for appellee.

LESLIE, Justice.

The plaintiff, Hood Rubber Products Company, a Delaware corporation, instituted this suit against J. M. Peurifoy, R. D. Morris, and J. M. Cook and the Peurifoy-Morris Tire Company, a partnership composed of said individuals, for the balance due on certain alleged accounts. The defendants answered by exceptions, verified denial, and set up counterclaims. Trial was before the court without a jury, and at the conclusion thereof judgment was rendered in favor of the plaintiff, and the defendants were denied recovery on their cross-action. The defendants appeal.

The court has filed findings of fact and conclusions of law.

The appeal is predicated upon three propositions of law, which will be considered in their order.

█ █ The first is to the effect that a foreign corporation plaintiff, when duly challenged, must not only plead but prove its permit to do business in the state as a condition precedent to its right to maintain the suit, and that, where it fails to do so, as in this case, a judgment of dismissal alone is authorized. The pleadings are sufficient, in fact, comprehensive on the point. On the facts the record presents two reasons why this contention must be overruled: First, when testimony on the point was being presented by the plaintiff, the defendants' attorney stated, "We will agree to this, that the Hood Rubber Products Company, Inc., a Delaware corporation, was granted a permit to do business in Texas," to which, by acquiescence of said attorney, the plaintiff's attorney added, "August 31st, 1929, and franchise tax paid to May 1st, 1932." Second, the plaintiff acquired the subject-matter of the suit from a Massachusetts corporation, plaintiff's predecessor, which, according to the undisputed testimony, had a permit in Texas at the time the business transactions were had which are involved in this suit, and the plaintiff therefore had a right, in any event, to litigate its lawfully acquired property rights. Security Co. v. Panhandle Nat. Bank, 93 Tex. 575, 57 S. W. 22; Kingman Tex. Implement Co. v. Borders (Tex. Civ. App.) 156 S. W. 614; Lee v. Galena-Signal Oil Co. (Tex. Civ. App.) 8 S.W.(2d) 1051; 11 Tex. Jur. p. 174, § 498; Farm & Home Savings & Loan Ass'n v. Muhl (Tex. Civ. App.) 37 S. W.(2d) 316, par. 11-15.

The court's first finding of fact that the plaintiff had such permit is warranted.

█ The second proposition is that, "A claim for money owing does not come within the rule of a 'stated account' until there is assent by the party owing as to the correctness of the amount claimed to be due, and a further agreement as to the time of payment." The petition declared first on a stated account and in the alternative on an open account. Fundamentally the suit was based on a written agreement whereby the plaintiff sold defendants automobile tires, tubes, etc., and the indebtedness sued on originated in the sale of such products to the defendants under the terms of the agreement. Pursuant to such agreement, numerous sales and shipments of such products were made to the defendants, and statements and invoices thereof rendered promptly to the defendants. The basic written agreement stipulated that the defendants were to make payments for same on the 10th

of each month. The statements rendered showed each item of the account, price of same, balance due, and a demand for payment. The court has, upon sufficient testimony, found that such statements and invoices were retained without objections an unreasonable length of time. The testimony supports the conclusion of the trial court that the defendants assented to the correctness of the accounts as submitted. Express or implied assent is sufficient. Scofield v. Lilienthal (Tex. Civ. App.) 268 S. W. 1047. Where the parties agree upon the amount due, or where their conduct justifies the inference that they have so agreed, the law implies a promise to pay such amount. 1 C. J. p. 697, § 301. Hence the judgment being generally supported by the testimony this court is not authorized to disturb the same. Further, if we be mistaken in the conclusion that the evidence warrants the judgment upon the theory of stated account, it occurs to us that the judgment is correct under the evidence and pleadings on the theory of open account. Evidence of the former will support a judgment on the latter. Theus v. Jipson, 3 Willson, Civ. Cas. Ct. App. § 189; Morrison v. Few, 3 Willson, Civ. Cas. Ct. App. § 384.

■ The chief attack on the plaintiff's judgment is that certain claims made by them in their cross-action against the plaintiff prevented the account sued on becoming a stated account in that such claims themselves conclusively evidence a lack of agreement on either the amount or the date of payment, which elements are essential to constitute an account stated. The claims forming the basis of the defendants' cross-action were for (1) alleged commissions on goods shipped from plaintiff's Dallas warehouse into the agency territory assigned to defendants; and (2) for rent on the Abilene warehouse maintained by defendants. Both of these claims grew out of a "warehouse agreement" between the parties, and the same was independent of the "tire sales agreement" first above mentioned as constituting the basis of the sales and the indebtedness on which the plaintiffs' suit is based. These two independent claims urged by way of set-off and originating in the warehouse agreement did not prevent plaintiff's account becoming a stated account. Plaintiff's suit was for balances on accounts after allowance of due credits. The accuracy of the same seems not to be questioned by the defendants, except they make claims for the alleged offsets. This would not prevent the accounts becoming stated.

In 1 C. J. p. 683, under the subject of partial adjustment of accounts, it is said: "It is not necessary, however, that the adjustment should cover all dealings between the parties. Thus an account rendered by one party to the other may become a stated account by the admission of the latter that it is correct, although he may have an independent set-off or counter-claim which is not taken into consideration."

Further, defendants in their brief state: "These agreements covered warehousing transactions only, and had nothing to do with the matters at issue which arose from the relations of the defendants with plaintiff as dealers in and retailers of tires and tubes."

This extract from plaintiff's brief is in harmony with our interpretation of the suit that the matters constituting a counterclaim are distinct from and independent of the subject-matter of the account.

The case of Segelke Mfg. Co. v. Vincent, 135 Wis. 237, 115 N. W. 806, 807, is in point. In disposing of a like contention, after citing Pierce v. Delamater, 3 How. Prac. (N. Y.) 162, it is said: "The case last cited is directly in point. There the defendant admitted the correctness of an account that was shown him, but at the same time said he had an offset. The court held that there was sufficient admission to establish the correctness of the plaintiff's claim, and the defendant was bound to prove a set-off on the trial. To the same effect is White v. Whiting, 8 Daly (N. Y.) 23. Nor does the existence of an alleged counterclaim prevent the admitted statement from becoming an account stated. Filer v. Peebles, 8 N. H. 226; Ware v. Manning, 86 Ala. 238, 5 So. 682. Wharton v. Anderson, 28 Minn. 301, 9 N. W. 860, gives a clear statement of the effect to be given to an account stated."

From Ware v. Manning, 86 Ala. 238, 5 So. 682, we take the following: "Where an account against a party is stated, showing the amount due, and is acknowledged to be correct, it is sufficient to constitute an account stated, though such party has counter-claims which are not deducted." See, also, Harrison v. Birrell, 58 Or. 410, 115 P. 141; Crawford v. Hutchinson, 38 Or. 578, 65 P. 84.

Further, the trial court has found the cross-action to be without support in the evidence, and the defendant makes no complaint against the judgment on that ground. No proposition here briefed specifically questions either the sufficiency of the evidence or the pleadings to sustain the judgment relating to the cross-action.

■ Plaintiff's judgment rests upon testimony adduced upon the trial and to the effect that the defendants had admitted plaintiff's account to be correct. In 1 C. J. p. 662, § 187, it is said: "An account may be supported without proof as to the particular items by proving that defendant had admitted the account to be correct. In other words, evidence of a stated account is sufficient proof to support plaintiff's cause of action on open account and therefore it may be supported

by an implied, as well as an express, admission, as by the assent which is presumed from acquiescence in an account rendered."

The text cites Theus v. Jipson, 3 Willson, Civ. Cas. Ct. App. § 189, to which we add Lonsdale v. Schlegel, 68 Okl. 31, 171 P. 330.

The court has here found such acquiescence to be for an unreasonable length of time.

In 1 O. J. p. 691, § 276, it is said: "Where an account is rendered by one person to another, the retention of the same by the latter beyond a reasonable time without objection is evidence of his assent to the correctness of the account, and, accordingly, is evidence of an account stated."

A careful consideration of the record discloses that the plaintiff, in accordance with the trial court's findings, made a prima facie showing of defendants' obligation to pay the alleged indebtedness or account, and that the defendants failed to discharge the burden of proof thereby cast upon them to show any incorrectness in the balance of the account claimed. Dodson v. Watson, 110 Tex. 355, 220 S. W. 771, 11 A. L. R. 583; 1 Tex. Jur. p. 381, § 87. Proposition 2 is overruled.

Therefore the third proposition, to the effect that "no liability on the defendant under an 'account stated' was created in this cause by estoppel," becomes immaterial. A correct judgment rests on other grounds.

For the reasons assigned, the judgment of the trial court is affirmed.