# Sloan & Son *v.* Guice.

*Action on Account ; Plea of Set-Off.*

1. *Account rendered ; evidence as to items.*—An itemized account for cotton sold and shipped by defendant to plaintiffs, on which he claimed a balance due him, and pleaded it as a set-off, having been furnished by him to them, as he testified, and retained by them without objection to the weights of the cotton as therein specified; that portion of the account can not be excluded as evidence, on motion, because defendant further states that he did not himself weigh the cotton, but that the weights were furnished to him by the public weigher.

2. *Account stated, or settlement ; conclusiveness of.*—An admission of the correctness of an account rendered, whether express, or implied from its retention without objection within a reasonable time, is not conclusive, but may be disproved by satisfactory proof of mistake; though, when a settlement has been made, and it is afterward sought to re-examine and surcharge or falsify the account, fraud must be shown, as a general rule, or gross mistake in the reckoning.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by the appellants, merchants doing business as partners in the city of Philadelphia, against Jason G. Guice; and was commenced on the 14th September, 1882. The plaintiffs claimed, in the first count of their complaint, the sum of $404.55 alleged to be due from defendant "by account on the 26th April, 1881 ;" and in the second count, the same sum as due upon an account stated between them on or about the 7th February, 1881. The defendant pleaded the general issue, and a special plea of set-off, claiming that the plaintiffs owed him $500 "by account due December 11th, 1880 ;" and issue was joined on both of these pleas.

The evidence adduced on the trial, as appears from the bill of exceptions, showed that the controversy between the parties grew out of a "cotton transaction," as it is termed ; the defendant having shipped to plaintiffs a certain quantity of cotton, which, as he claimed, they had bought from him, and for which he claimed a balance due ; while the plaintiffs insisted that, by the terms of the contract between them, the cotton was to be sold by them on defendant's account, and that he was in-

debted to them for the difference in price on the sale by them. "Plaintiffs introduced evidence tending to show that defendant was indebted to them in the sum of $404.55, as stated and claimed in their complaint; and that a true and correct statement of their account had been furnished to said defendant on or about February 11th, 1881; and that the same had never been disputed in any way, and no objection had ever been made to it, so far as plaintiffs were informed, until within a very short time before the commencement of this suit. The defendant introduced in evidence the account hereinto attached as 'Exhibit A,' and evidence which tended to show that plaintiffs were indebted to him on account of said cotton transactions, as shown by said exhibit, in the sum of $500; that said cotton was sold by him to plaintiffs, he guaranteeing that it would not lose more than five pounds per bale; that he forwarded to them an invoice containing the weights of the cotton; that plaintiffs, soon afterwards, acknowledged receipt of said invoices by letter, and never disputed the correctness of the weights as therein set forth, and never claimed of defendant any thing on said guaranty as to loss of weight;" also, that he wrote two letters to plaintiffs, which they received, and in which he called on them for their account of the cotton shipped. In this connection, the plaintiffs reserved an exception to the refusal of the court to exclude the evidence in reference to the weights of the cotton as specified in the invoices, as more particularly stated in the opinion of the court.

The plaintiffs requested the following charges to the jury: (1.) "If the jury believe, from the evidence, that the plaintiffs wrote and transmitted by mail to the defendant the letter read in evidence, dated February 7th, 1881, and inclosed in said letter the account-current also in evidence, dated 7th February, 1881, which shows a balance due by defendant to plaintiffs, on said 7th February, 1881, of $431.37; and if the jury further believe, from the evidence, that said letter and said account-current were received by the defendant in due course of mail, and shortly after said 7th February, and that he retained said account-current, and did not make any objection to the correctness of said account within a reasonable time thereafter, then the law presumes that said account is correct, and the defendant is bound by it." (2.) "If the account sued on was furnished to the defendant, and he failed to make objection to it within a reasonable time, and he knew all the facts and *data* from which said account was made out and stated; and if the jury further believe that there was no fraud of any kind in the account, or in the facts and *data* upon which it was made up, then the defendant can not now deny the correctness of said account."

The court refused each of these charges, and instructed the jury as follows: "If the jury believe, from the evidence, that the plaintiffs wrote and transmitted by mail to the defendant the letter read in evidence, dated 7th February, 1881, and inclosed in said letter the account-current of the same date, which shows a balance of $431.37 due by defendant to plaintiffs on that day ; and if they further believe, from the evidence, that said letter and said account-current were received by the defendant in due course of mail, shortly after said 7th February, 1881, and he retained said account-current, and did not make any objection to the correctness of the same within a reasonable time thereafter, then the law presumes that said account is correct, and the defendant is bound by it, unless he shows that it is incorrect."

The plaintiffs duly excepted to the refusal of the charges asked, and they now assign such refusal as error, together with the admission of the evidence to which they excepted.

McKLEROY & COMER, for the appellants, cited *Langdon v. Roane's Adm'r*, 6 Ala. 518; *Burns v. Campbell*, 71 Ala. 286; 6 Wait's Actions & Defenses, 427 *et seq.*

PUGH & MERRILL, *contra*, cited *Sanders v. Stokes*, 30 Ala. 432; *Pike v. Elliott*, 36 Ala. 69; *Bryan v. Ware*, 20 Ala. 692; *Langdon v. Roane's Adm'r*, 6 Ala. 518; *Burns v. Campbell*, 71 Ala. 286.

STONE, C. J.—The plaintiffs had their business residence in Pennsylvania. The defendant resided in Alabama. In the progress of the trial, the defendant offered testimony—himself being the witness—that he had furnished to the plaintiffs an itemized account of the claim he pleaded in set-off. The account was for cotton, alleged to have been sold and shipped to plaintiffs, on which defendant claimed there was a balance due him. Witness testified, that plaintiffs retained the account, and, while they objected to the claim on other grounds, they made no objection to the alleged weights of the cotton. On cross-examination, this witness stated he had not seen the cotton weighed, but that the weights were furnished to him by the public weigher. Plaintiffs moved to reject from the jury so much of the account furnished, as related to the weights of the cotton. This motion was overruled, and they excepted. The testimony was clearly admissible, as part of the account furnished, and as some evidence tending to show an acquiescence in that part of the account which was not objected to. 2 Greenl. Ev. § 126. The weight and application of the testi-

[Campbell v. White.]

mony should have been raised on charges asked. They are not presented by a motion to exclude.

It is undoubtedly the law, that if a debtor, to whom an account is rendered, retains it without objection for an unreasonable time, this is enough to raise the presumption that he admits its correctness.—*Langdon v. Roane*, 6 Ala. 518; *Burns v. Campbell*, 71 Ala. 271, 286. It is, however, only evidence of an admission, and can not be more conclusive than an express admission that the account is correct. Either is subject to disproof; and when it is satisfactorily shown that the account is not correct; this destroys the force of the admission, and shows it to have been made in mistake. This is the rule, when a right of recovery is claimed on the strength of such admission, express or implied. When, however, a settlement has been made, and it is sought to re-examine, and overcharge or falsify the account, to authorize relief, there must, as a general rule, appear to have been fraud, or gross mistake in the reckoning.—6 Wait's Ac. & Def. 427.

The first charge asked by plaintiffs states the principle too strongly, was likely to mislead, and, on that account, was rightly refused. The second charge asked is still more objectionable. It limits the right to resist the force of such admission to cases of fraud. The Circuit Court laid down the true doctrine in the charge given.

There is no error in the record, and the judgment of the Circuit Court is affirmed.