(103 So. 463)

### RICHARDSON v. CHARLES A. JONES FLOUR & GRAIN CO. (6 Div. 350.)

(Supreme Court of Alabama.   March 19, 1925.)

Evidence ⚖☞171—Primary evidence of assignment of original account not necessary in action on account stated.

In action upon stated account between defendant and plaintiff, evidence of assignment of original account *held* merely incidental or collateral, cause of action being predicated on admission of sum due and promise to pay, and therefore fact that assignment was not proved by primary evidence was immaterial.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action on account stated by the Charles A. Jones Flour & Grain Company against E. O. Richardson. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Ray & Cooner, of Jasper, for appellant.

Testimony of witness Jones as to ownership of the account was not the best evidence, and should have been excluded. McGeehee v. Hill, 1 Ala. 140; Elliot v. Dyche, 80 Ala. 376.

W. F. Finch, of Jasper, for appellee.

It is not necessary, in this action, to prove the transfer of the account; it being shown that the account was stated as between plaintiff and defendant. Cook & Laurie v. Bell, 177 Ala. 618, 59 So. 273; Loventhal v. Morris, 103 Ala. 332, 15 So. 672; Ware v. Manning, 86 Ala. 238, 5 So. 682.

BOULDIN, J.   The suit is upon account stated, and was tried upon the general issue. The evidence, without conflict, tended to show a stated account for the amount sued for.

In the testimony it was developed that the original account was contracted with "Charles A. Jones & Company," a partnership; that the assets of the firm, including this account, were taken over by "Charles A. Jones Flour & Grain Company," a corporation, this plaintiff; and that the assignment was in writing. The defendant thereupon moved to exclude the evidence of the assignment of this account upon the ground that the writing is the best evidence.

Overruling this motion is the sole matter presented by assignments of error.

The point raised is that the burden was on plaintiff to prove ownership of the account, that this being a direct issue, the writing was the best evidence, and parol evidence was improperly admitted.

The evidence, in effect, was that statements of the account, showing the amount

---

⚖☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

due, were sent by mail to the defendant from month to month; that shortly before the suit was commenced the secretary of plaintiff presented the account in person, and defendant admitted it; that the statements mailed and presented were in the name of plaintiff company; "and that is the company he [defendant] agreed to pay." This evidence, not controverted, made a prima facie case of account stated between the defendant and this plaintiff.

An action upon a stated account "is not founded on the original liability, but on the defendant's admission that a definite sum is due in the nature of a new promise, express or implied." Ware v. Manning, 86 Ala. 238, 5 So. 632; Cook v. Bell, 177 Ala. 618, 632, 59 So. 273. Such promise, made to the plaintiff, imports a debt due to the plaintiff, as owner, and can only be impeached for fraud or mistake. Sloan & Son v. Guice, 77 Ala. 394. The plaintiff, in the first instance, need not go behind this new promise, express or implied. His case is made out.

The evidence of the origin and assignment of the account was merely incidental or collateral, not essential to plaintiff's cause of action. In such case the rule of primary and secondary evidence of writings does not apply. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Bulger v. Ross, 98 Ala. 267, 273, 12 So. 803; 22 C. J. p. 978, § 1224, note 74, "Ala."

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.