(105 So. 906)

### MERCHANTS' & FARMERS' BANK v. RAINER.  (4 Div. 210.)

(Supreme Court of Alabama.  Oct. 15, 1925.)

**1. Account stated ⊙⟼18(1)—Mortgages ⊙⟼616 —Bill to ascertain indebtedness and enjoin mortgage foreclosure in meantime held not bill to open account stated for fraud or to surcharge and falsify, so as to render mortgage recital as to amount of debt conclusive.**

Bill to ascertain amount of plaintiff's indebtedness to defendant and enjoin mortgage foreclosure in meantime *held* not a bill to open account stated on charge of fraud, or to surcharge and falsify, so as to render mortgage recital as to amount of indebtedness conclusive, but simply a bill by party to whom accounting is due against party under duty to account, in view of written agreement, contemporaneous with execution of mortgage, to deduct amount by which indebtedness shown by mortgagee's books exceeded that found due after checking over account; no fraud in giving or accepting mortgage with such reservation, nor any specific items of mistake, being averred.

**2. Mortgages ⊙⟼611—Bank held bound to account as quasi trustee to debtor claiming that debt evidenced by mortgage exceeded true amount.**

While bare relation of principal and agent or banker and customer would not give equity court jurisdiction for accounting, bank which had had many transactions through course of years with one closely related by blood to its managing officers, held many securities pledged by him and had struck no balance for years, though account was very complicated, was at least a quasi trustee bound to account to such debtor, who claimed that amount of debt evidenced by his mortgage to bank greatly exceeded his real indebtedness.

**3. Mortgages ⊙⟼614—Mortgagor held not barred by laches from claiming benefit of collateral agreement to deduct from mortgage debt amount by which it was found to exceed real indebtedness.**

Mortgagor, suing for accounting to ascertain real indebtedness to mortgagee, *held* not barred by laches from availing himself of reservation in agreement, contemporaneous with execution of mortgage, to deduct amount by which indebtedness evidenced by mortgage was found to exceed true indebtedness on checking over account, because of failure to demand account after execution of mortgage and collateral agreement and death of mortgagee bank's general executive officer in meantime.

**4. Account stated ⊙⟼8—Mortgagor held not barred of right to accounting by failure to object to statements of account rendered by mortgagee.**

Mortgagor *held* not barred of right to accounting for failure to object to statements of account rendered by mortgagee, in view of latter's undertaking contemporaneous with execution of mortgage, to make statement of account and deduct amount by which mortgage debt was found to exceed real indebtedness.

**5. Mortgages ⊙⟼611—Mortgagor not estopped to sue for accounting by matters leaving true state of account still to be settled and not affecting mortgagee's status as security for undetermined balance.**

Mortgagor *held* not estopped to sue for accounting of indebtedness by failure to demand account after execution of mortgage and collateral agreement for accounting, or failure to object to statements of account rendered by mortgagee, where true state of account remained to be settled as before execution of mortgage, which continued to stand as security for undetermined balance as parties intended, thus requiring mortgagee to account and imposing burden of proof on it.

**6. Mortgages ⊙⟼617—Matters urged as reasons for denying accounting held proper to consider in ascertaining and stating account.**

In ascertaining and stating account between mortgagor and mortgagee, recitals in mortgage as to amount of indebtedness, mortgagor's failure to demand account or object to statements of account rendered by mortgagee, and other reasons urged for denying accounting, should be considered with all relevant facts in evidence.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Bill in equity by S. P. Rainer against the Merchants' & Farmers' Bank and cross-bill by respondent.  From a decree for complainant, respondent appeals.  Affirmed.

The agreement of the parties entered into at the time of the execution of the mortgage by complainant, is as follows:

"This agreement, made and entered into on this the 15th day of April, 1916, by and between S. P. Rainer, of the one part, and the Merchants' & Farmers' Bank, of the other part, witnesseth:

"That whereas the books of the Merchants' & Farmers' Bank now show that the said S. P. Rainer is indebted to the said Merchants' & Farmers' Bank in the sum of $34,000, and the said S. P. Rainer has given the said Merchants' & Farmers' Bank a mortgage on certain real

estate, said mortgage bearing even date herewith, to secure the said sum of $34,000;

"And whereas the account of the said S. P. Rainer is now being checked over, and if the said account is found to be less than $34,000 the said Merchants' & Farmers' Bank agree to deduct the said amount from the sum of $34,000 and hold the property mentioned in said mortgage as security for the correct amount due.

"In witness of all which we have hereunto set our hands in duplicate this the 15th day of April, 1916. [Signed] S. P. Rainer.

"The Merchants' & Farmers' Bank,
"Per J. H. Rainer, Jr., Cashier."

J. D. Norman, of Union Springs, for appellant.

Where there is a disputed question of fact, the burden of proof is on him who asserts its existence. Scheuer v. Berringer, 102 Ala. 219, 14 So. 640. When a settlement of accounts has been deliberately made and notes given for the ascertained balance, the presumption is in favor of its fairness and correctness; the transaction will not be opened on probable or conflicting evidence, and unexplained acquiescence, accompanied with knowledge or means of acquiring knowledge of material facts, and subsequent dealings may operate as a bar to equitable relief against it. Kilpatrick v. Hinson, 81 Ala. 464, 1 So. 188; Blum & Co. v. Mitchell, 59 Ala. 535; Paulling v. Creagh, 54 Ala. 646; Langdon v. Roanes, 6 Ala. 518, 41 Am. Dec. 60; Crowson v. Cody, 209 Ala. 677, 96 So. 875. If a party to whom an account is rendered admits its correctness, or retains it and makes no objection within a reasonable time, it becomes an account stated. The admission of a certain amount due is the evidence sufficient to sustain it. Langdon v. Roanes, supra; Ware & Cowles v. Dudley, 16 Ala. 742; Burns v. Campbell, 71 Ala. 271; Hirschfelder v. Levy, 69 Ala. 351; Ryan v. Gross, 48 Ala. 370; Loventhal v. Morris, 103 Ala. 336, 15 So. 672. The complainant, by the payments on the mortgage debt since the mortgage was given and the long period of time which has elapsed since the mortgage was given, is now barred from asserting the invalidity of the mortgage. Kilpatrick v. Hinson, supra; Paulling v. Creagh, supra; Langdon v. Roanes, supra; Crowson v. Cody, supra.

Ernest L. Blue, of Union Springs, for appellee.

Appellee has been guilty of no laches in this case. Negligence in stating the account was due to appellant. 18 Ency. of Law (2d Ed.) 97, 99; Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 So. 393; Laird v. Columbia Loan Co., 204 Ala. 246, 85 So. 521. Appellee has been guilty of no conduct inducing appellee to change his position for the worse. Shorter v. Smith, 56 Ala. 208; Scruggs v. Decatur Min. Co., 86 Ala. 173, 5 So. 440; Scharfenburg v. New Decatur, 155 Ala. 651, 47 So. 95. An account stated is an account balanced and rendered, with an assent to the balance. There was no account stated in this case. Rice v. Schloss & Kahn, 90 Ala. 416, 7 So. 802; Loventhal v. Morris, 103 Ala. 332, 15 So. 672; Moore v. Maxwell & Delhomme, 155 Ala. 299, 46 So. 755; Hirschfelder v. Levy, 69 Ala. 351. Appellee is entitled to have an accounting. Morgan v. Gaiter, 202 Ala. 492, 80 So. 876.

SAYRE, J. When appellant advertised a sale of appellee's property under the power in a mortgage which appellee had given to appellant to secure the payment of $36,500, appellee filed this bill to enjoin the threatened foreclosure, averring that the amount of the indebtedness evidenced by the mortgage was greatly in excess of his real indebtedness to appellant, offering to pay his just debt, praying an accounting to ascertain the same and an injunction pending such ascertainment. Evidence was taken before the register as commissioner, the great volume of it touching upon the state of the account between the parties and the several matters alleged by appellant as reasons why appellee was not entitled to an accounting but was bound by the face of the mortgage. The decree ordered a reference to ascertain the amount of the indebtedness secured by the mortgage. It also denied specifically that appellee had been guilty of laches or was estopped to inquire into the amount of the indebtedness secured by the mortgage; but these conclusions were necessarily involved in the decree for an accounting. From that decree this appeal was taken.

[1] There has been no reference nor any ascertainment of the true amount of the indebtedness secured by the mortgage. The contention thus far has revolved about the question whether appellee was entitled to an accounting, or, to state the case differently, whether appellee Rainer should be concluded by the recitals of the mortgage, or whether for other reasons he has lost the right to an accounting; his averment that the recited indebtedness is largely in excess of the true amount to the contrary notwithstanding.

For a good many years before the date of the mortgage in question, viz. April 15, 1916, appellee individually and as a member of the firm of Rainer & Blue, cotton merchants, had done business with the bank. Many transactions were involved and the books of the bank were kept with an amazing degree of looseness, nor, it seems, did appellee keep any books that showed at any time the condition of his account with the bank—this uncertainty of the financial status between the parties due in large measure, no doubt, to the fact that the capital stock of the bank was owned by appellee and relatives of the Rainer family, the last named having and exercising control of its operations. But the bank's method of keeping

its books affected not only its account with appellee, but with many other members of its clientèle. Some months prior to the mortgage in question the state banking department began to make question as to appellant's solvency and method of doing business. An accountant, employed by the bank, examined its books and reported appellee's indebtedness to exceed $70,000, but it does not appear that an itemized statement of the account was furnished to appellee, or, if he saw such statement, it is clear that he did not accept it as correct. However, the banking department demanded that appellee's account with the bank be closed with result that on the date of the mortgage appellee made large payments on his account and undertook to secure the balance by the mortgage now in question. There was an effort to close the account and to satisfy the banking department; but there is no charge nor any evidence of fraud in what done—in the giving or acceptance of a mortgage with the reservation to be presently mentioned. If there had been an ascertainment of the balance between the parties by mutual agreement, then in the absence of fraud affecting the integrity of the settlement as a whole, or mistake as to items, specifically averred, justifying a bill to surcharge and falsify the account then and thus agreed upon, the recital of the mortgage as to the amount of the indebtedness, standing alone, would need be accepted as conclusive between the parties. But, while appellee agreed that he was largely indebted to appellant, there was no investigation by him of the items involved nor any agreement that he was indebted to the full amount of the mortgage, and so, contemporaneously with the execution of the mortgage, the parties entered into an agreement in writing (which appears in the reporter's statement of the case) to the effect in substance that, whereas the books of the bank showed an indebtedness by appellee in the sum of $34,000, this, after crediting the account with payments then made; and whereas the account was then being checked over, if said indebtedness was found to be less than $34,000, the bank would "deduct the said amount from the sum of $34,000 and hold the property mentioned in said mortgage for the correct amount due." (The mortgage recites an indebtedness of $36,500, as heretofore stated, but the evidence is clear that $2,500 was, by agreement, added to the amount secured thereby after the mortgage and agreement had been executed, and the discrepancy is of no consequence in this cause.) As we have said, no fraud is charged nor is there averment of specific items of mistake. The bill is, therefore, not a bill to open the account stated as aforesaid on a charge of fraud nor is it a bill to surcharge and falsify. Cowan v. Jones, 27 Ala. 317; Paulling v. Creagh, 54 Ala. 646; Moses

v. Noble, 86 Ala. 407, 5 So. 181. It is simply a bill by a party to whom an accounting is due against a party under duty to account. The mortgage witnessed a confession by appellee that he was indebted to appellant—largely indebted, it may be assumed, but the amount of such indebtedness was left an open question which the parties expected would be settled by an examination appellant was to make of its books, but which, so far as the court is advised, has never been made, that is, has never been completed.

[2] Nor do we find in the bill or the evidence taken in support of it other reason why appellant should not account generally to appellee. The bare relation of principal and agent or banker and customer would not suffice to confer upon the equity court jurisdiction for an accounting. But here the parties—meaning, so far as concerns the bank, the officers in control of its affairs—were closely related by blood; appellee had many transactions through a course of years with the bank; the bank had held many securities pledged by appellee, viz. drafts drawn against sales of cotton and rent notes executed by appellee's numerous small tenants; for years there had been no balance struck; the account between the parties was greatly complicated. Appellant stood in the position of a quasi trustee, to say the least. Glennon v. Touart, 209 Ala. 437, 96 So. 336; Phillipps v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77, 135 Am. St. Rep. 156; Waller v. Jones, 107 Ala. 341, 18 So. 277. Appellant was, therefore, under duty to account to appellee, and as has been shown, had in fact recognized that duty and had undertaken to have the account stated.

[3] The theory that appellee was barred by laches, because he had not subsequent to the execution of the mortgage and its collateral agreement for an accounting by appellant demanded an account and because the chief executive officer of the bank at that time, one of the Rainers, had in the meantime died, rests upon the assumption that the bank was not under a duty to account such as would be enforced in a court of equity, that appellee held the laboring oar. We have briefly stated the grounds of our judgment to the contrary. Appellant took the initiative in this controversy by proceedings looking to the foreclosure of the mortgage. That mortgage contract was affected by a reservation not appearing upon its face, but, for aught appearing, valid between the parties, and we do not doubt that appellee, filing his bill for an injunction and an accounting of the matters involved in the mortgage, was entitled to avail himself of the benefit of the reservation and of the general equity of his situation defensively. This he has undertaken to do.

[4] From time to time subsequent to the mortgage, it may be, as appellant contends, statements of account were rendered by ap-

pellant to appellee showing the sum total of the transactions between the parties in substantial agreement with the status assumed as a basis for the mortgage and that to statements so rendered appellee made no objection; but such acquiescence is not conclusive, the inference of correctness of the statement so rendered being more or less strong according to the circumstances of the particular case. Hirschfelder v. Levy, 69 Ala. 357. In the circumstances of the present case we are not willing to hold that the trial court erred in holding, as it did in substance, that appellee was not barred of his right to an accounting by the statements of account rendered to him from time to time. It seems more consonant with reason and justice to hold that, considering the purpose which actuated the mortgage settlement, the concession at the time of its lack of fiinality, and appellant's undertaking to make a statement of the account—which, however, it never made—it seems more reasonable and just to hold that appellee, in view of the situation thus presented, withheld objections which, with his limited knowledge of the status of the account, could have been only general, that his conduct, assuming it to have been as appellant contends, evidenced only his opinion that an itemized statement would show an indebtedness of much smaller proportions, that for a final determination of the amount of his indebtedness he awaited the results of the examination which appellant had agreed to make. In this we find no conflict with the principle of decision followed in Scheuer v. Berringer, 102 Ala. 216, 14 So. 640, and other like cases cited by appellant.

Nor do we find any obstacle in Langdon v. Roane, 6 Ala. 518, 41 Am. Dec. 60, where it was said that:

"Where parties have settled their accounts, and struck a balance, which has been adjusted by cash, or with a security for its payment at a future day, it is incumbent upon the party complaining of fraud or mistake, to allege it specifically, and to establish the allegation by proof. The agreement of the parties, which is admitted by the answer of Lea & Langdon, and proved by the deposition of Harding, that all errors should be corrected, and the deed of trust stand as a security for so much as was really due the cestuis que trust, cannot render inapplicable the rule we have stated. That agreement was merely affirmative of what the law was, in the absence of any express understanding."

For, in the case at hand, there was no true settlement, no examination of items by the parties, no consensus of judgment as to the true state of the account, but only a tentative agreement based on the finding of an ex parte investigation of the result of which appellee knew only the total balance reported, but to which he yielded a qualified approval for the purpose, not of settling the account, but to satisfy the demands of the state banking department. This, we apprehend, is a very different case from that shown in the report of Langdon v. Roane, supra.

[5] As for the facts of the estoppel alleged, if it differs materially from those considerations urged by appellant and disposed of by what has already been written, it is not found to measure up to approved definitions of estoppel in any particular. It does not appear by reason of anything done or said by appellee that appellant has changed its position for the worse. 2 Pom. Eq. Jur. (4th Ed.) § 804. As between the parties the true state of the account remains to be settled just as it did before the mortgage was executed and the mortgage stands as security for the undetermined balance just as the parties intended that it should. It follows that appellant must account to appellee and that the burden of proof rests upon appellant. The decree ordering an account and an injunction will be affirmed.

[6] It will be understood that an ascertainment and statement of the account by the register will be governed by the rules of law and practice that usually obtain in such cases, which is to say that, while the considerations urged by appellant as reasons why appellee should be denied an accounting cannot be allowed of themselves to have that effect, they should be considered in connection with all relevant facts that may be put in evidence at their true evidential worth in making up a statement of the items of debit and credit composing the account between the parties, and that for the indebtedness so found appellant will be entitled to a decree of foreclosure as prayed in its cross-bill.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.