HATCHER v. LAMMONS.   (4 Div. 318.)

(Supreme Court of Alabama.   March 24, 1927.)

**1. Evidence ☞376(5)—Books of original entries held properly admitted on plaintiff's testimony, in action for goods sold and work done (Code 1923, § 7701).**

In action by motor company for goods, wares, and merchandise sold and work and labor done, books of original entries *held* properly admitted, in view of Code 1923, § 7701, where plaintiff testified that entries were made by himself or his employees under his direction.

**2. Appeal and error ☞1058(1)—Sustaining objection to defendant's question as to what witness said in answer to interrogatories, if error, held harmless, where interrogatories were not shown witness and were in evidence.**

In action by motor company for goods sold and work done, sustaining objection to defendant's question as to what witness said in answer to interrogatories, if error, *held* not prejudicial, where witness was not shown interrogatories sought to be inquired about, and interrogatories and answers were admitted in evidence.

**3. Trial ☞46(1)—Court, in ruling on objection, need not cast about for reasons for which evidence is offered.**

Where counsel did not inform court as to purpose of evidence, court, in ruling on objection, was not required to cast about for reasons for which evidence was offered.

**4. Sales ☞358(1)—In action for battery sold, question of defendant as to how automobile got ignition, following testimony that it did not use batteries, called for irrelevant and incompetent evidence.**

In action by motor company for goods sold, including battery, question of defendant, referring to automobile, of, "How did you get its ignition," following defendant's evidence that car "did not use any batteries," *held* to call for irrelevant and incompetent evidence.

**5. Trial ☞296(2)—In instruction that account stated was not bound by limitations, "bound" will be treated as "barred," in view of other instruction.**

In charge that if statement of account was presented to defendant and not disputed within reasonable time, it was account stated and not bound by three-year statute of limitations, word "bound" will be treated as "barred," in view of context and other instructions.

**6. Trial ☞256(2)—Where charge is thought to be confusing, other instructions should be requested.**

Where it was thought that charge as to account stated was confusing in that it used "bound" for "barred" in connection with statute of limitations, other instructions should have been requested.

**7. Limitation of actions ☞200(1) — Charge that account stated is not barred by statute of limitations does not limit rule that such account is not conclusive evidence of its correctness.**

Rule that account stated is not conclusive evidence of its correctness, but may be refuted or impeached by evidence of mistake, omission, or fraud, is not limited by charge that it is not barred by three-year statute of limitations.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action on the common counts by Lee Lammons, doing business as Hartford Motor Company, against J. W. Hatcher, for goods, wares, and merchandise sold and work and labor done. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

It appears that the account between plaintiff and defendant began in August, 1919, and was open and active up to June, 1921, at which time a large amount of repair work was done by plaintiff for defendant and over which some difference occurred. In October,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1921, a payment was made, and no item was charged from June, 1921, until December, 1922, and thereafter, in 1925, an item of one gallon of gasoline was charged. Suit was filed in June, 1925. There was a dispute as to the items of 1922 and 1925.

Defendant filed pleas of the general issue, payment, and the statute of limitations of three years.

The plaintiff testified:

"J. W. Hatcher, the defendant, is indebted to me at this time; the books that are here contain the account between me and Mr. Hatcher; the books are the books of original entry and are true and just; they were made either by me or some one of my employees under my direction."

Charge 2, given for plaintiff, is as follows:

"2. I charge you that if you believe from the evidence that a statement of this account was presented to J. W. Hatcher and he did not dispute the same within a reasonable time, then it is an account stated and is not bound by the statute of limitations of three years."

E. C. Boswell, of Geneva, for appellant.

The introduction in evidence of the books of account, over defendant's objection, was error. Boutwell v. Spurlin M. Co., 203 Ala. 482, 83 So. 481. The defendant was entitled to cross-examine the plaintiff as to statement made by defendant in answer to interrogatory. Parker v. Newman, 200 Ala. 103, 75 So. 479; Bigham v. State, 203 Ala. 162, 82 So. 192. Shepherd v. Butcher, T. & H. Co., 198 Ala. 275, 73 So. 498. Charge 2, given for plaintiff, was incorrect. Sheppard v. Wilkins, 1 Ala. 62. The charging of the items of 1922 and 1925 was not sufficient to remove the account from the bar of the statute. Todd v. Todd, 15 Ala. 743; Ware v. Manning, 86 Ala. 244, 5 So. 682; Bynum v. M. & C., 100 Ala. 311, 13 So. 910.

R. S. Ward and A. A. Smith, both of Hartford, for appellee.

There was no error in introducing the books of account. Code 1923, § 7701. The charge given for plaintiff was correct. 1 C. J. 682, 691; Joseph v. Southwark F. & M. Co., 99 Ala. 47, 10 So. 327; Nance v. Countess, 16 Ala. App. 434, 78 So. 464; Langdon v. Roane, 6 Ala. 527, 41 Am. Dec. 60.

THOMAS, J. [1] In Boutwell v. Spurlin Mercantile Co., 203 Ala. 483, 83 So. 481, it was pointed out that the ledger entries were not the original entries of the transactions in question, and were not, for such reason, admissible in evidence. Here the books of original entries were offered, and no error was committed in admitting the same over objection of the defendant under the predicate laid therefor. Section 7701, Code; Sharp v. Blanton, 194 Ala. 460, 69 So. 889.

[2] No reversible error was committed in sustaining objection to defendant's question:

"I will ask you if in answer to interrogatories by the defendant about the gallon of gas, if you said that item of one gallon of gasoline was sold to Berrill Hatcher, that he gave out of gas while driving in front of my place of business?"

The witness was not shown his former interrogatories sought to be inquired about. Central of Georgia v. Wilson (Ala. Sup.) 111 So. 901.[1] Moreover, the defendant's interrogatories to plaintiff, and answers thereto, were admitted in evidence. Hence the defendant had the benefit of the matter sought to be inquired about—and for the purpose of impeachment or testing the credibility of the witness. Parker v. Newman, 200 Ala. 103, 75 So. 479; Shepherd v. Butcher Tool & Hardware Co., 198 Ala. 275, 73 So. 498.

The testimony of Brannon sufficiently identified the account presented to have been that of plaintiff's on which recovery was sought, and the method sought by the interrogatories was for an orderly statement of fact of presentment of the account to defendant, and that he made no objection to its correctness. The evidence was material and competent under count 2, declaring as it does upon an account stated between plaintiff and defendant.

[3, 4] The questions of defendant, referring to a Ford car, or, "How did you get its ignition?" called for irrelevant and incompetent evidence. The defendant had declared by his evidence that his Ford car "did not use any batteries," and hence defendant had testified what he was again seeking by indirection to show. It may be that an expert would know that such car was operated from a magneto, or may be operated from a battery. However the fact may be, counsel did not inform the court the purpose of the evidence sought, and the court was not required to cast about for reasons for which the evidence was offered. Analogy is to be found in Lester v. Jacobs, 212 Ala. 614, 103 So. 682. The fact that defendant's car was not operated by batteries was before the jury, and the adverse inference of fact was presented as to whether the charge for the battery of December, 1922, was within the province of the triors of the fact to decide.

[5-7] In charge 2 given for plaintiff the word "bound" will be treated as "barred." Its context so informs, as well as other given instructions—the oral charge of the court correctly defining the law of such phase of the case and declaring that the statute of limitations of three years would bar the account, and the specific instruction of when the statute of limitations would begin to run. There was a reasonable inference from the evidence from which the jury may infer that the account was a stated account. Burns v. Campbell, 71 Ala. 271, 286; Merchants' & Farmers' Bank v. Rainer, 213 Ala. 530, 105 So. 906; Langdon v. Roane's Adm'r, 6 Ala. 518, 41

[1] Post, p. 612.

Am. Dec. 60; 3 A. L. R. 293–N; 11 A. L. R. 597; 18 A. L. R. 887; 1 C. J. 682; 1 C. J. 691. If it had been thought that the charge was confusing as to the use of the words "account stated" and "bound" by the statute of limitations, other instructions should have been requested. The rule that an account stated is not absolutely conclusive (prima facie) evidence of its correctness, but may be refuted or impeached by evidence of mistake, omission, or fraud, is not limited by the charge. Cudd v. Cowley, 203 Ala. 665, 85 So. 13; Hunt v. Stockton Lumber Co., 113 Ala. 387, 21 So. 454; Rice v. Schloss, 90 Ala. 416, 7 So. 802; Ware v. Manning, 86 Ala. 238, 5 So. 682; Sloan v. Guice, 77 Ala. 394; Lott v. Brewer, 64 Ala. 287; Paulling v. Creagh's Adm'rs, 54 Ala. 646.

Charges refused, Nos. 3 and 5, were affirmative instructions and properly so ruled under the evidence containing conflicting tendencies.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

